824 So.2d 427 (2002)
Susan Elizabeth Jackson PICCIONE
v.
Richard James PICCIONE.
No. 01-1086.
Court of Appeal of Louisiana, Third Circuit.
May 22, 2002.
*428 Helen J. Popich, Lafayette, LA, for Plaintiff/Appellee: Susan Elizabeth Piccione.
David A. Blanchet, Blanchet & Knox, LLC, Lafayette, LA, for Defendant/Appellant: Richard James Piccione.
Court composed of ULYSSES GENE THIBODEAUX, MARC T. AMY and ELIZABETH A. PICKETT, Judges.
*429 PICKETT, Judge.

FACTS
Dr. Richard James Piccione and Susan Jackson Piccione were married on May 7, 1993. Of the marriage, two children were born. Caroline Elizabeth Piccione was born on April 15, 1997, and Jackson Paul Piccione was born on May 28, 1999. The parties physically separated in June of 1999.
On July 7, 1999, Mrs. Piccione filed a Petition for Divorce wherein she sought child support, interim periodic support, use of the 1998 Jeep Grand Cherokee, and use and occupancy of the family home. The parties were divorced by judgment rendered on January 27, 2000. The issues of child support, interim periodic support and the use of the family home were not taken up at that time.
Numerous hearings were conducted by a hearing officer in these matters. On April 18, 2000, the hearing officer issued a recommendation concerning child support, interim periodic support, and the payment of the house note on the family home. This recommendation, however, was neither reduced to a written order nor filed into the record of the proceeding. The record was supplemented on December 6, 2001, on the motion of Mrs. Piccione.
On April 26, 2000, both parties filed exceptions to the hearing officer's recommendations. On May 22, 2000, Mrs. Piccione filed a Rule for Contempt alleging that Dr. Piccione had failed to pay child support, interim periodic support, and the house note as recommended by the hearing officer, in violation of Local Court Rule 65(C)(8). Additionally, Mrs. Piccione sought attorney's fees and court costs. Mrs. Piccione also filed a Rule to Extend the Payment of Interim Periodic Spousal Support seeking to have spousal support extended until the youngest child was five years of age based upon an allegation that it was the parties' intention during the marriage that she would not return to work until the children were of school age. In response to this last motion, Dr. Piccione filed an Exception of No Cause of Action.
A hearing was held on the exceptions and rules filed by the parties on June 19 and 20, 2000. The court denied Dr. Piccione's exception of no cause of action, but later granted an involuntary dismissal of Mrs. Piccione's rule to extend interim periodic support. The court found Dr. Piccione in contempt of court for failure to pay child support and interim periodic support, in violation of Local Court Rule 65(C)(8), and ordered the arrearages be paid retroactive to April 1, 2000. The court further awarded attorney fees and took the remaining issues under advisement.
Written Reasons for Ruling were signed and filed by the court on October 27, 2000, at which time a judgment was also signed. The court found Dr. Piccione's monthly income to be $26,000.00, and determined that the needs and lifestyle of the children mandated an award of $6,000.00 per month in child support. The court found Dr. Piccione to be 100% responsible for the child support obligation and ordered him to maintain health and hospitalization and dental insurance on the two minor children plus pay all uncovered medical and dental expenses. Interim periodic support was set in the amount of $3,470.00. Although the court did not address the reasonable rental value of the home, the parties had stipulated at the June 19th hearing that Mrs. Piccione could have use and occupancy of the family home and that the reasonable rental value was $1,400.00 per month.
When the formal judgment was rendered on October 27, 2000, the court modified its Reasons for Ruling to include a provision reflecting Dr. Piccione's *430 entitlement to reasonable rental value in the amount of $700.00 per month, commencing June 19, 2000.
Both parties have appealed the judgment.

ASSIGNMENTS OF ERROR
Dr. Piccione, the original appellant herein, filed three separate assignments of error as follows:
1) The Court abused its discretion in awarding child support for the two minor children in the amount of $6,000.00 per month and in awarding interim periodic spousal support in the amount of $3,470.00 per month.
2) The Court abused its discretion in finding Dr. Piccione in contempt of court for failing to pay spousal support and child support in accordance with the recommendations of the hearing officer.
3) The Court abused its discretion in assessing the rental value on the family home from June 19, 2000, the date of the hearing, rather than from the date Mrs. Piccione filed the rule for use and occupancy on July 7, 1999.
Mrs. Piccione, plaintiff-appellee, has filed five separate assignments of error as follows:
1) The trial court erred when it found Dr. Piccione's monthly income was $26,000.00 per month when his proven monthly income is $32,779.33.
2) The trial court erred when it awarded $6,000.00 in monthly child support although the children have proven monthly expenses of $8,179.00 per month and Dr. Piccione's proven monthly income is $32,779.33.
3) The trial court erred when it awarded $3,470.00 in monthly interim spousal support when Mrs. Piccione's proven expenses are $4,378.54 and Dr. Piccione's proven monthly income is $32,779.33.
4) The trial court erred when it denied Mrs. Piccione's request for an extension of the interim spousal support pursuant to La.Civ.Code art. 113.
5) The trial court erred in awarding Dr. Piccione rental value for the minor children's and Mrs. Piccione's use and occupancy of the family home.

Child Support and Interim Periodic Spousal Support
Dr. Piccione's assignment of error number 1 and Mrs. Piccione's assignments of error numbers 1, 2, and 3, all involve the trial court's determination of the amount of child support and interim spousal support to be paid by Dr. Piccione. These assignments will therefore be discussed together.
Both parties argue that the trial court erred in determining Dr. Piccione's income to be $26,000.00 per month. Mrs. Piccione argues that the facts establish his gross monthly income to be $32,779.33, while Dr. Piccione argues his gross monthly income is $20,133.00. Dr. Piccione further argues that his net income, rather than his gross income, should have been considered by the trial court.
The determination of the amount of Dr. Piccione's gross monthly income is a finding of fact subject to manifest error review, and one which cannot be set aside by a reviewing court unless it is clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989).
The trial court made a finding of fact that Dr. Piccione's gross monthly income is $26,000.00. Extensive testimony was heard by the court from two expert witnesses, both accountants, who gave a detailed overview of the Piccione's finances, including both income and expenditures. Each had different opinions as to what should be included in the calculation *431 of Dr. Piccione's gross income. Although the trial court did not outline in detail how he reached the sum of $26,000.00 per month, his calculation is clearly supported by the record.
The trial court clearly accepted the testimony of Mrs. Piccione's expert as being accurate as to the amount of income generated by the business; however, the court further declined to add to that gross amount the funds left in the corporation which were necessary to operate the business according to Dr. Piccione's expert. The court further declined to include in that amount certain items, such as the depreciation of certain equipment, which Dr. Piccione argued should not be included in the calculation of his gross income. Since the trial court's finding is supported by the record, we find no manifest error.
Having determined the trial court committed no error in the determination of Dr. Piccione's gross income, we must consider whether the trial court abused its discretion in setting the amount of support.
The assessment of child support obligations is regulated by the Louisiana Child Support Guidelines found at La.R.S. 9:315 et seq. In determining the amount of child support to be awarded, the court must consider the needs of the child and the ability of the parents to pay. La.R.S. 9:315.2(D) and 315.8. Where the parties' monthly combined adjusted gross income exceeds $10,000.00, "the court shall use its discretion in setting the amount of the basic child support obligation, but in no event shall it be less than the highest amount set forth in the schedule." La. R.S. 9:315.10(B). The trial court's judgment in such matters will not be disturbed in the absence of a showing of an abuse of discretion. The children are entitled to the same standard of living as if they reside with their father. Hargett v. Hargett, 544 So.2d 705 (La.App. 3 Cir.) writ denied, 548 So.2d 1235 (La.1989).
As previously noted, when setting the amount of child support to be paid the court strives to maintain the lifestyle of the child, when possible, while considering the child's reasonably proven expenses and the parents' ability to provide. Hargett, 544 So.2d 705. The jurisprudence in our state consistently has recognized that there is "no universal mathematical formula" for calculating the amount of child support to be paid where the parties' combined adjusted income exceeds the child support guidelines in La. R.S. 9:315.14. Serrate v. Serrate, 96-1545, p. 7 (La.App. 1 Cir. 12/20/96); 684 So.2d 1128, 1133. This court has held, however, that simple extrapolation of the guidelines, without considering the child's needs, is not an acceptable method. Preis v. Preis, 93-569 (La.App. 3 Cir. 2/2/94); 631 So.2d 1349. The court considered testimony from both parents, as well as the expert witnesses, regarding the Picciones' expenses and their lifestyle. The evidence established the Piccione family to be affluent. Although the couple physically separated within days of the birth of their second child, their oldest daughter has always had the benefits of an affluent lifestyle. After reviewing the record as a whole, we find no abuse of discretion. It is clear from the record, and the trial court's ruling, that the trial court carefully considered not only the reasonable and necessary expenses, but also what was necessary to maintain the children's lifestyle at the same level it had been and would have continued to be had the father been living in the home.
We find no error in the trial court's award being based on Dr. Piccione's gross income rather than net income. We find no error in this determination and affirm *432 the trial court's judgment as to the amount of child support awarded.
We now turn to the issue of whether the trial court erred in its determination of interim spousal support.
La.Civ.Code art. 111 provides as follows:
In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party free from fault prior to the filing of a proceeding to terminate the marriage, based on the needs of that party and the ability of the other party to pay, in accordance with the following Articles.
La.Civ.Code art. 113 provides:
Upon motion of a party or when a demand for final spousal support is pending, the court may award a party interim spousal support allowance based on the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage, which award of interim spousal support allowance shall terminate upon the rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of judgment of divorce, whichever occurs first. The obligation to pay interim spousal support may extend beyond one hundred eighty days from the rendition of judgment of divorce, but only for good cause shown.
Mrs. Piccione argues that it was error for the trial court to award $3,470.00 in monthly interim periodic support when she proved expenses of $4,378.54. She further argues that the court erred by denying her request for an extension of the interim periodic support pursuant to La.Civ.Code art. 113. Dr. Piccione argues Mrs. Piccione's interim support award is excessive since the court should have imputed at least $1,500.00 per month to Mrs. Piccione as income, and this should have been deducted from his support obligation. He further argues that Mrs. Piccione's reasonable expenses based upon her needs and lifestyle is only $2,095.93 per month.
A spouse's right to claim interim periodic support is based on the statutorily-imposed duty of spouses to support each other during their marriage. McAlpine v. McAlpine, 94-1594 (La.9/5/96); 679 So.2d 85. It is designed to assist the claimant spouse in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse, pending the litigation of the divorce. Daigle v. Daigle, 96-541 (La.App. 3 Cir. 11/6/96); 689 So.2d 478. In determining an award of interim spousal support, the trial court is vested with wide discretion, which will not be disturbed absent a clear abuse of that discretion. Smoloski v. Smoloski, 01-0485 (La.App. 3 Cir. 10/3/01); 799 So.2d 599.
During the marriage, Mrs. Piccione worked 10 to 15 hours per week for Dr. Piccione and earned $1,500.00 per month. She has not worked since the physical separation. The court imputed no income to Mrs. Piccione. Considering the facts in the case before us, we do not find the trial court erred by failing to impute $1,500.00 per month as income to Mrs. Piccione. Considering the evidence presented regarding Mrs. Piccione's monthly expenses and the evidence as to Dr. Piccione's income, we find no abuse of discretion by the trial court in fixing the monthly interim periodic support in the amount of $3,470.00.
We therefore affirm the judgment of the trial court as to the amount fixed for monthly interim periodic support. We further find no merit in the argument that the trial court erred by denying Mrs. Piccione's request to extend the award of *433 interim child support until the time the youngest child reaches school age. Mrs. Piccione argues that it was the intention of the parties that she not work until both children were in school and that she is entitled to an extension of interim support under the provision of La.Civ.Code art. 113, which allows the support order to be extended more than one hundred eighty days from the judgment of divorce "for good cause shown." The trial court in its Reasons For Ruling stated the following: "It is the understanding of this court that `good cause' must constitute, if not a compelling reason, certainly a reason of such significance and gravity that it would be inequitable to deny an extension of such support." We agree with the trial court's interpretation of that provision. Whether "good cause" exists for the extension of interim support must be determined on a case-by-case basis. The disability of the claimant spouse or a situation where a claimant spouse is prevented from seeking employment due to circumstances beyond his or her control might be "good cause" to extend interim support. We do not find that an alleged agreement that the claimant spouse would stay home until the children entered school satisfies the good cause requirement of Article 113. We find no error in the court's denial of Mrs. Piccione's request to extend interim support.

Rental Value of Family Home
Both parties set forth assignments of error regarding the court's order that Dr. Piccione be awarded rental value for the use and occupancy of the family home. Mrs. Piccione argues that it was error to award any rental value, as she did not agree to it and since that issue was not before the court on the day of the hearing. Dr. Piccione argues that the trial court erred by assessing rental value from the date of the June 19, 2000 hearing rather than from July 7, 1999, the date Mrs. Piccione requested use and occupancy of the home. We find no error in the court's ruling.
The parties stipulated at the hearing that if Dr. Piccione was entitled to rental value, then the parties would agree to a $1,400.00 per month rental value.
La.R.S. 9:374(C) provides:
A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
Although not agreed to by the spouses, it has been ordered by the court. The decision to award rent to a non-occupant spouse rests within the discretion of the trial judge. Rozier v. Rozier, 583 So.2d 87 (La.App. 3 Cir.1991). We find no abuse of discretion.
Mrs. Piccione argues the trial court failed to properly consider the provisions of La.R.S. 9:374(B) which requires the court to consider the economic status of the parties as well as the needs of the children. We find no merit in this argument.
The court had before it all the information necessary and required to make an informed decision as to whether Dr. Piccione is entitled to rental value. We further find no error in the court's determination that the $700.00 rental value commenced June 19, 2000, as that was the date the parties stipulated that Mrs. Piccione would have exclusive use and possession of the family home.

*434 Contempt of Court

Dr. Piccione, in assignment of error number 2, argues that the court erred by finding him in contempt of court for failing to pay spousal support and child support in accordance with the recommendations of the hearing officer. We agree.
According to La.R.S. 46:236.5, in pertinent part,
C. An expedited process for the establishment of paternity and the establishment and enforcement of support using hearing officers shall be implemented as follows:
(1) The judge or judges of the appropriate court or courts for the establishment of paternity or the establishment and enforcement of support shall appoint one or more hearing officers to hear paternity, support, and support-related matters.
* * * *
(3) The hearing officer shall act as a finder of fact and shall make recommendations to the court concerning the following matters:
(a) Establishment and modification of support.
* * * *
(4) The hearing officer may do the following:

(g) Recommend punishment by the court for the direct or constructive contempt of an order of a hearing officer.
(j) Set forth or summarize findings and make a written recommendation to the court concerning the disposition of the matter, including but not limited to contempt findings and recommendations for a default order if the absent parent does not respond to notice.
(emphasis added)
Local Rule 65(C)(8) provides:
If the hearing officer's recommendation is objected to, then the hearing officer's recommendation becomes an interim order pending the final disposition of the claims by the Court. This interim order shall be without prejudice and shall not affect the retroactivity of the claims of either side.
Following several intake conferences, on April 20, 2000, recommendations were made relative to the issues of custody, child support, interim periodic support, and use and occupancy. The support obligation was made retroactive to April 1, 2000. Both parties made written formal objection to the hearing officer's recommendations. Therefore, pursuant to Local Rule 65(C)(8), the hearing officer's recommendations became an interim order pending final disposition of the claims by the court.
At the close of the hearing on June 20, 2000, the trial court ruled that Dr. Piccione was in contempt of court for failure to pay child support and interim periodic support in violation of Local Court Rule 65(C)(8). Consequently, the court ordered the arrearages be paid retroactive to April 1, 2000, and awarded attorney fees.
We note that both parties objected to the hearing officer's recommendations, which in fact were not made a part of the record until this matter was on appeal. Local Rule 65(C)(8) in essence modifies La.R.S. 46:236.5, giving the recommendations of the hearing officer the effect of a court order, an authority never contemplated by that statute. We find no authority in law that allows a local rule to expand a state statute to allow contempt proceeding against a party against whom no court order has ever been issued. We therefore find the court erred in holding Dr. Piccione in contempt for failure to pay child support in compliance with the hearing officer's recommendation.

*435 DECREE
We affirm the trial court's judgment on the issues of Dr. Piccione's monthly income, child support, interim periodic support, and its decision to deny an extension of interim support; we also affirm judgment of rental value in the amount of $700.00 commencing from June 19, 2000. We reverse the trial court's judgment finding Dr. Piccione in contempt.
AFFIRMED IN PART AND REVERSED IN PART.