STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-929


BLANE GUILLORY

VERSUS

RACHEL CEFALU GUILLORY


**********


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 07-C-6411-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE


**********


**MARC T. AMY**
**JUDGE**


**********


Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.


**AFFIRMED.**


**Howard C. Dejean**
**111 North Court Street**
**Opelousas, LA 70571**
**(337) 942-1149**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Blane Guillory**

**Errol L. Cormier**
**315 South College Road, Suite 108**
**Lafayette, LA   70503**
**(337) 237-2100**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Rachel Cefalu Guillory**

AMY, Judge.

The trial court awarded the defendant interim spousal support. The defendant appeals, asserting the trial court erred in calculating the total sum of the award and awarding credits against the judgment to the plaintiff for various payments he made to the defendant. For the following reasons, we affirm.

## Factual and Procedural History

The plaintiff and defendant were married on August 5, 2006, in St. Landry Parish. They lived together as husband and wife until December 2007, when the plaintiff moved out of the family residence. On December 12, 2007, the plaintiff filed a petition for divorce under La.Civ.Code art. 102, in addition to a partition of community property and request to be granted exclusive use of the family residence in Opelousas. The parties reached an agreement granting the plaintiff exclusive use of that residence.

On December 20, 2007, the defendant filed a rule for both interim and final spousal support. A trial on the divorce and request for final spousal support was scheduled for August 4, 2008. A hearing in regard to the issue of whether the defendant was entitled to interim spousal support was scheduled for September 9, 2008. On August 15, 2008, the trial court granted the parties a divorce and denied the defendant's request for final spousal support and/or extension of interim spousal support.

The defendant appealed the judgment denying final spousal support and/or extension of spousal support. This court affirmed the trial court's judgment. *See Guillory v. Guillory*, 08-1375 (La.App. 3 Cir. 4/1/09), 7 So.3d 144.

A hearing to determine whether the defendant was entitled to interim spousal support was held on September 9, 2008. The trial court awarded the defendant

interim spousal support in the amount of $32,294.16 minus a $17,234.41 credit to the plaintiff for payments made, for a final award amount of $15,056.75 for the period of time between March 1, 2008 and August 15, 2008. It determined that from the December separation until March 1, 2008, the plaintiff continued to pay all of the defendant's household, automobile, insurance and personal expenses, in addition to allowing her to live in the family residence despite a judgment awarding the use and occupancy to himself. Also, the plaintiff transferred to the defendant $25,000.00 at the time of separation for her expenses and paid approximately $6,000.00 for the defendant to furnish her new townhome. The trial court reasoned that because the defendant enjoyed the same standard of living and all her "needs" were met at the defendant's expense, the defendant was not entitled to interim spousal support for the months of December, January, and February, but was entitled to $32,294.16 for the period of time between March and August 2008.

The defendant now appeals asserting two assignments of error. First, she argues that the trial court was manifestly erroneous in determining she was only entitled to $32,294.16 in interim spousal support. The defendant argues that the trial court erred in calculating her "need" by an "inappropriate consideration of [her] actual expenses after the separation of the parties" as opposed to the consideration of the "standard of living of the parties during the marriage." Specifically, the defendant contends the trial court's award should be increased for housing expenses, food, household supplies, laundry and cleaning, utilities, holiday expenses, vacations, entertainment, pet expenses, and transportation. Second, the defendant asserts that the trial court committed manifest error in crediting the plaintiff for a $1500.00

2

payment which was paid from the couple's joint checking account, in addition to, a $6,000.00 credit card payment.

**Discussion**

*Interim Spousal Support*

Louisiana Civil Code Article 113 provides that a "court may award a party an interim spousal support allowance based upon the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage. . . ." The party claiming entitlement to interim spousal support has the burden of proving his or her need. *Derouen v. Derouen*, 04-1137 (La.App. 3 Cir. 2/2/05), 893 So.2d 981. "A claimant demonstrates need for interim spousal support if she establishes that she lacks sufficient income or the ability to earn a sufficient income 'to sustain the style or standard of living that [s]he enjoyed while [s]he resided with the other spouse.'" *Id.* at 984, *quoting January v. January*, 94-882, 94-883, p. 3 (La.App. 3 Cir. 2/1/95), 649 So.2d 1133, 1136. The trial court enjoys considerable discretion in determining whether a claimant is entitled to interim spousal support, and thus, its decision will not be overturned on appeal absent a clear abuse of discretion. *Derouen*, 893 So.2d 891.

*Needs*

The defendant argues that the trial court erred in its calculation of her needs, in that the calculation "revolves around the Trial Court's inappropriate consideration of the claimant spouse's actual expenses after the separation of the parties[.]" Specifically, the defendant disputes the trial court's award amount for housing expenses, food, household supplies, laundry and cleaning, utilities, holiday expenses, vacations, entertainment, pet expenses, and transportation.

3

The trial court categorized the expenses pursuant to testimony and estimates submitted by both parties of their monthly earning and expenses for the year 2007. The trial court found that "[c]onsiderable evidence was presented to the Court establishing that [the plaintiff] and [the defendant] enjoyed a very substantial standard of living during their marriage."

*Housing*

During the marriage, the parties resided in a 2,500 square foot, four-bedroom home. In March 2007, the defendant moved out of that residence and leased a three-bedroom townhome at a monthly rate of $1,100.00. The defendant's estimated monthly expenses for the marital residence included $1,612.00 for the mortgage, $434.98 for homeowner's insurance, $20.00 for flood insurance, $350.00 for yard care, $100.00 for maintenance, $20.00 for pest control, $400.00 for maid service, and $100.00 for pool maintenance. In its reasons for judgment, the trial court found that all of the itemized "housing" amounts in the defendant's expenses were for both parties use, enjoyment, and maintenance of the home during the marriage. It noted that the defendant's rental amount for the townhome included many of the itemized categories such as expenses for yard care and maintenance. Accordingly, the trial court awarded the defendant $1,100.00 per month in interim spousal support for housing expenses.

The defendant argues that the trial court should have used the mortgage note and homeowner's insurance payable during the marriage "as the best indicators of the amount of housing expenses necessary to maintain [her] in her standard of living enjoyed during the marriage." She also contends that her award should include the amount of maid expenses necessary to maintain a home like the parties' family

4

residence. The total of these amounts the defendant believes should have been added is $2,446.98, which is a difference of $1,346.98 from the awarded amount.

*Food, Household Supplies, and Laundry and Cleaning*

The trial court awarded the defendant $337.50 for expenses in this category, which represents one-half of the amount the defendant listed. In its reasons for judgment, the trial court reasoned that the "amounts [the defendant] listed as "Food", "Household Supplies", "Laundry and Cleaning", also reflect these expenses for both parties in 2007. Thus, this Court only finds it appropriate to award [the defendant] one half (½) of those amounts as part of her interim spouse support award[.]"

The defendant asserts that the full amounts of the items she listed should be included in her award because they "can hardly be said to be unreasonable in light of [the plaintiff's] expenses[,]" which totaled $4,200.00.

*Utilities*

The defendant estimated $341.00 for utility expenses of the family residence. However, the plaintiff disputed that $341.00 represented the average electric bill for that home. Chris Rainey, a certified public accountant accepted as an expert by the trial court, testified at trial and substantiated the amount presented by the defendant by analyzing the couple's account history. The trial court accepted this amount as a legitimate expense of the couple's home. However, it noted that the defendant failed to present evidence regarding her actual utilities for her townhome. The trial court ultimately awarded $200.00 for utilities reasoning that "[g]iven the lack of any guidance as to an estimate of [the defendant's] electricity bill at the three bedroom apartment, the Court finds that $200.00 per month is adequate"

5

The defendant argues that the trial court committed manifest error by indicating that it believed her actual expenses are determinative of her standard of living, and "[s]ince the Trial Court acknowledge that it accepted [her] amount of $341.00 as the legitimate monthly expense incurred at the matrimonial residence for electricity, that amount should be used for this expense, a difference of $141.00 per month."

*Entertainment/Holidays/Extracurricular Activity*

For entertainment expenses, the trial court again relied on the expert testimony to substantiate the defendant's estimates in this category. The trial court awarded the full amounts for certain items such as book and magazine subscriptions and her health club membership, finding that the testimony presented indicated that those expenses were exclusively for the benefit of the defendant. However, the trial court found that the remainder of the expenses in this category were incurred for the benefit of both parties during the marriage, and thus awarded the defendant $955.50, one-half of those remaining amounts listed.

The defendant asserts that the trial court erred in finding that a portion of the expenses should have been reduced. Rather, she contends that her claimed expenses were reflective of the costs incurred for her benefit alone since "expenses incurred for such things as hotels and gas do not decrease if one (1) person is traveling out of town."

*Pet Expenses*

The trial court denied an award for pet expenses, reasoning that the "pet expenses have been paid solely by [the plaintiff] after the parties' separation, as [the plaintiff] retained possession of the couple's pets. Since the parties' testimonies were consistent that [the defendant] did not have a pet after she moved out of the

6

matrimonial residence, the Court finds that she is not entitled to any amount for pet expenses as interim spousal support."

The defendant asserts that the finding of whether she owns a pet or not is irrelevant in awarding pet expenses because it fails to consider that she did own a pet during the marriage.

*Transportation*

Testimony revealed that the defendant drove a 2003 Mercedes Benz over the course of the marriage until May 2008. The plaintiff owned the Mercedes and paid all of its related expenses. It appears that sometime in May 2008, the plaintiff reclaimed his Mercedes and the defendant began driving a Ford Probe which she had previously owned before the marriage. The trial court awarded half of the amount of expenses associated with the Mercedes incurred until May 2008, however, it reduced that sum for the period of time after May when the defendant had use of the Ford Probe.

The defendant asserts that she clearly experienced a change in her standard of living when she began driving the Ford instead of the Mercedes, and accordingly, the trial court should have included the Mercedes lease payments and maintenance expenses for the period of time after May 2008.

*Amount of Award*

In brief, the plaintiff does not argue about whether the defendant is entitled to interim spousal support; rather, he asserts that the defendant presents a fallacy by arguing "that maintaining her in the lifestyle she enjoyed during the marriage does not mean a specific dollar amount but more appropriately refers to a level of comfort and enjoyment." Further, he adds that "[a]lthough there is adequate authority for the

7

measure of lifestyle to which a divorcing spouse is entitled and same is correctly cited by [the defendant], none of same is cited for the proposition advanced by her that she is entitled to an amount equal to the cost of living for two people."

Once the claimant spouse has established a need, the court must determine whether that need surpasses the ability of the other spouse to pay. If that situation exists, the support amount should be fixed at a sum which is just and fair to all of the parties involved. *Derouen*, 893 So.2d 981. A review of the record reveals that the trial court carefully considered the estimates submitted by the parties, the parties' testimony, and expert testimony in determining the needs of the defendant in light of the standard of living enjoyed by the parties during the marriage. The trial court determined that in some respects the needs estimated by the defendant would be the same as before separation and, in some aspects, less. For example, as far as expenses regarding clothing, health club membership, book and magazine subscriptions, and personal grooming, the trial court accepted that the defendant was entitled to the entire amount requested because these expenses were solely for her benefit and thus did not change post-separation. However, the trial court found that her "need" in regard to those expenses such as entertainment, food, and vacation, were necessarily satisfied by an award of half of the amount requested, wherein the amount requested reflected expenses of two persons.

In regard to housing, the trial court reasoned that a $1,100 award was sufficient considering that it encompassed the same amenities such as yard care, maintenance, and a swimming pool, which she enjoyed at the matrimonial domicile. The defendant admits that while she had access to those amenities, the trial court should have used the mortgage and homeowner's insurance figures to determine her

8

standard of living enjoyed during the marriage. The defendant also makes a similar argument in regard to transportation and pet expenses. However, the defendant does not cite any legal authority to support the proposition that the determination of a claimant's spouse's standard of living is a mathematical formula wherein the trial court makes an award solely by reference to an expense sheet. Here, the trial court looked at what level or comfort and amenities the defendant enjoyed during the marriage and found that the award amounts were necessarily sufficient to maintain that standard.

Although the defendant submitted an affidavit showing her need for interim spousal support to exceed $50,000, the trial judge evidently did not accept this as an accurate reflection of her expenses in light of her standard of living enjoyed during the marriage. Rather, the trial court, after reviewing the parties submitted expenses, the parties' testimony, and expert testimony, found $32,294.16 was the amount the defendant proved to be sufficient. Based on the record, we cannot say that this award constitutes an abuse of discretion.

Accordingly, this assignment lacks merit.

*Credits*

In her second assignment of error, the defendant asserts that the trial court erred in deciding that the plaintiff was entitled to credits toward his interim spousal support obligation. The trial court credited the plaintiff with six separate payments, but the defendant only disputes two of these payments, one in the amount of $1,500 and one in the amount of $6,000.

Louisiana Revised Statutes 9:321(D) provides that:

Spousal support of any kind, except that paid pursuant to an interim allowance award, provided by the debtor from the date of judicial

9

demand to the date the support judgment is rendered, to or on behalf of the spouse for whom support is ordered, shall be credited to the debtor against the amount of the judgment.

The defendant argues first, that the April 9, 2008, payment in the amount of $1500 was deposited into her bank account from the couple's joint checking account is presumed to be community property, and thus, it is error to credit the plaintiff for that amount. Second, the $6,000 credit in dispute is related to a credit card payment, paid by the plaintiff on August 5, 2008. The defendant alleges that the credit card charges were made before she moved out in March of 2008, in the period of time in which the trial court did not award her spousal support, and thus it "would be inconsistent and patently unfair to give [the plaintiff] credit for payments for what is alleged to be her charges during months in which the Court did not award any spousal support." She further argues that this issue should be litigated in the community property partition.

While we agree with the defendant that the issues of whether these payments represented community obligations or were paid from community or separate property should be litigated in the community property partition, we do not agree that warrants a reversal of the trial court's judgment crediting those amounts to the plaintiff. Under the plain language of La.R.S. 9:321(D) and a review of the record, it cannot be said that the trial court abused its discretion in crediting the plaintiff with those payments provided by the plaintiff after the defendant's request for interim spousal support.

Accordingly, this assignment lacks merit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant/appellant, Rachel Cefalu Guillory.

**AFFIRMED.**