NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-945

JEFFERY DANIEL SMITH

VERSUS

GINGER LEMAIRE SMITH

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20084362
HONORABLE DAVID A. BLANCHET, DISTRICT JUDGE
**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

AFFIRMED.

Cynthia Carrie LeBourgeois
Attorney at Law
239 La Rue France
Lafayette, LA 70508
(337) 232-2320
Counsel for Defendant-Appellee:
Ginger Lemaire Smith

Margareta Maria Lahme
Attorney at Law
300 S. Washington Street
Broussard, LA 70518
(337) 234-5162
Counsel for Plaintiff-Appellant:
Jeffery Daniel Smith

**PICKETT, Judge.**

Jeffery Smith appeals the trial court's judgments finding his former wife, Ginger Lemaire Smith, free from fault for the dissolution of their marriage and awarding Ginger final periodic support.

## STATEMENT OF THE CASE

Jeffery Smith and Ginger Lemaire Smith were married on January 31, 2003. In August of 2005, their only child was born. On July 31, 2008, Jeffery filed a petition for divorce. A final judgment of divorce was signed by the trial court on March 30, 2010. In the course of the divorce proceedings, Ginger petitioned for final periodic support as set out in La.Civ.Code art. 112. The trial court set a hearing on November 30, 2009, to determine if Ginger was free from fault for the divorce. At the conclusion of the hearing, the trial court determined that Ginger was free from fault, and the trial court signed an interlocutory judgment in conformity with its oral ruling on January 28, 2010. The trial court set a separate hearing for April 15, 2010, to determine if Ginger was entitled to spousal support and the amount to which she was entitled. On May 7, 2010, the trial court awarded Ginger $1,073.00 per month in periodic final spousal support. It also awarded a retroactive reduction in interim spousal support to $1,073.00 to the date of the demand for a reduction, January 10, 2010. When the parties were unable to agree on a repayment schedule for the overpaid interim support award, the trial court determined that Jeffery could deduct $300.00 per month from the final support payments until the total amount overpaid of $4,457.00 was paid in full. A judgment in conformity with this latter ruling was signed on May 19, 2010.

Jeffery now appeals the trial court's judgments.

1

## ASSIGNMENT OF ERROR

On appeal, Jeffery asserts three assignments of error:

1.  The trial court's judgment that Ginger Lemaire Smith was free from fault in the failure of the marriage and entitled to an award of final periodic support is manifestly erroneous.

2.  Further, the trial court's judgment determining the amount of final periodic support due to Ginger Lemaire Smith is manifestly erroneous.

3.  Finally, the trial court's judgment determining the manner in which the credit is due to Appellant, Jeffery Daniel Smith, is to be recouped is manifestly erroneous.

## DISCUSSION

Louisiana Civil Code Article 112 sets forth the rules for determining final periodic support:

> A. When a spouse has not been at fault and is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support in accordance with Paragraph B of this Article.
>
> B. The court shall consider all relevant factors in determining the amount and duration of final support. Those factors may include:
>
> > (1) The income and means of the parties, including the liquidity of such means.
> >
> > (2) The financial obligations of the parties.
> >
> > (3) The earning capacity of the parties.
> >
> > (4) The effect of custody of children upon a party's earning capacity.
> >
> > (5) The time necessary for the claimant to acquire appropriate education, training, or employment.
> >
> > (6) The health and age of the parties.
> >
> > (7) The duration of the marriage.
> >
> > (8) The tax consequences to either or both parties.

C. The sum awarded under this Article shall not exceed one-third of the obligor's net income.

To determine whether Ginger was entitled to final periodic support, the trial court first set a hearing to determine if Ginger was free from fault for the dissolution of the marriage. "A spouse seeking final periodic support must '*affirmatively prove*' she is free from causing the failure of the marriage." *Diggs v. Diggs*, 08-1271, p. 3 (La.App. 3 Cir. 4/1/09), 6 So.3d 1030, 1032 (quoting *Floyd v. Floyd*, 03-1126, p. 4 (La.App. 3 Cir. 12/10/03), 861 So.2d 837, 839.)

This court discussed the nature of the fault necessary to preclude an award of final periodic support in *Guillory v. Guillory*, 08-1375, p. 4 (La.App. 3 Cir. 4/1/09), 7 So.3d 144, 147-148:

> "'Fault' contemplates conduct or substantial acts of commission or omission by a spouse violative of his or her marital duties or responsibilities." *Goodnight v. Goodnight*, 98-1892, p. 3 (La.App. 3 Cir. 5/5/99), 735 So.2d 809, 812 (quoting *Guillory v. Guillory*, 626 So.2d 826, 829 (La.App. 2 Cir.1993)). Those spousal obligations include fidelity, support, and assistance. La.Civ.Code art. 98. The contemplated misconduct rises to the level of fault when it is of a "serious nature" and is also "an independent[,] contributory or proximate cause of the separation." *Pearce*[*v. Pearce*], 348 So.2d [75], 77 [(La.1977)]. The behaviors should be of the nature that "compel a separation because the marriage is unsupportable." *Allen v. Allen*, 94-1090, p. 13 (La.12/12/94), 648 So.2d 359, 363 (quoting *Brewer v. Brewer*, 573 So.2d 467, 469 (La.1991)).
>
> Because Louisiana's statutory law does not define acts or omissions constituting fault sufficient to deny final periodic spousal support, criteria developed through prior jurisprudence is relied upon to make such a determination. *Allen*, 648 So.2d 359. These include those grounds formerly providing a basis for legal separation: "adultery, habitual intemperance, excesses, cruel treatment or outrages, making living together insupportable, and abandonment." *Id*. at 362.

Our supreme court has held that the "persistent refusal to engage in sexual union, in the absence of consent or sickness or grave fault may constitute cruel treatment[.]" *Von Bechman v. Von Bechman*, 386 So.2d 910, 911 (La.1980). The trial court is

3

vested with considerable discretion in deciding whether to award final periodic support, and we will not disturb its findings unless we find a clear abuse of that discretion or manifest error as to fact. *January v. January*, 03-1578 (La.App. 3 Cir. 4/7/04), 876 So.2d 98.

In his first assignment of error, Jeffery complains that the trial court erred by finding Ginger free from fault. He alleges that Ginger refused to have sex with him, which constituted cruel treatment. The trial court heard testimony from both Ginger and Jeffery about the frequency of their sexual relations after the birth of their daughter and the reasons for the infrequent nature of their sexual relations. Essentially, each party blamed the other for the dearth of intimacy, and the trial court made a credibility determination. Reviewing the evidence presented, we cannot say the trial court abused its discretion or committed manifest error in its conclusion that Ginger was not at fault for the dissolution of the marriage to an extent that would preclude an award of final periodic support. This assignment of error lacks merit.

In his second assignment of error, Jeffery complains that the trial court erred in setting the amount of final periodic support. He argues that his expenses exceed his income. He argues that some of Ginger's expenses were submitted by affidavit, but unsupported by documentary evidence. Finally, he argues that the support was awarded for an unspecified period of time.

The trial court found that Jeffery's gross income each month was $3,666.80 and after monthly expenses he had a $176.00 surplus. The trial court imputed to Ginger a gross monthly income of $1,734.90 for the purposes of determining the amount of her support. The trial court found that after her monthly expenses she had a monthly

4

shortfall of $1,970.00. The trial court split the difference between Ginger's shortfall and Jeffery's surplus and ordered monthly final periodic support of $1,073.00.

The brief filed on behalf of Jeffery is devoid of any citation to relevant authorities or to the record in support of his argument. In his oral reasons, the trial court specifically found that both Ginger and Jeffery spend far more money than they can afford, and it made the award of final periodic support with that in mind. We find no manifest error in its judgment. As to the evidence submitted by Ginger to support her request for support, we find that the evidence was properly admitted, and we will not disturb the credibility determinations necessarily weighed by the trial court. Finally, while the court may establish a termination date for support, the law does not mandate a termination date. *See Voyles v. Voyles*, 04-1667 (La.App. 3 Cir. 5/4/05), 901 So.2d 1204, *writ denied*, 05-1270 (La. 12/9/05), 916 So.2d 1059.

The second assignment of error lacks merit.

Finally, Jeffery argues that the trial court erred by requiring him to take a $300.00 credit each month in order to recover $4,457.00, the amount of support he overpaid. The parties appear to have entered into a stipulation about the amount Jeffery overpaid Ginger, but did not agree on the terms of repayment. Jeffery argues that the trial court erred by failing to take into account La.Civ.Code art. 1893, which states:

> Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.
>
> In such a case, compensation extinguishes both obligations to the extent of the lesser amount.
>
> Delays of grace do not prevent compensation.

5

We find that the trial court did not abuse its vast discretion in ordering Jeffery to recoup his overpayment over a period of time rather than all at once. His argument that "the trial court did not permit him to seek the protection" of La.Civ.Code art. 1893 is not persuasive, as we note that the issue of compensation as defined by the Civil Code was never raised in the trial court. This assignment of error lacks merit.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Jeffery Smith.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.