951 So.2d 403 (2007)
George Joseph ACKEL, Jr.
v.
Darlene Parent ACKEL.
No. 06-CA-646.
Court of Appeal of Louisiana, Fifth Circuit.
January 16, 2007.
*404 David I. Courcelle, Attorney at Law, Metairie, LA, for Plaintiff/Appellant.
Provino Mosca, Attorney at Law, Harahan, LA, for Plaintiff/Appellant.
Don C. Gardner, Attorney at Law, Harahan, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
Plaintiff, George Ackel, Jr., appeals from the trial court judgment finding him in contempt of court for failing to make spousal support payments to his former spouse, Darlene Parent Ackel. For the reasons which follow, we affirm the contempt judgment.
Mr. Ackel and Ms. Ackel were married on September 19, 1986. The parties were divorced by judgment dated February 26, 2002. On June 23, 2005, Ms. Ackel filed a rule for permanent periodic spousal support. On or about August 15, 2005, the parties appeared before a hearing officer. Following the hearing, the hearing officer made a recommendation that Mr. Ackel pay Ms. Ackel $1,500.00 per month spousal support. On that same date, the recommendation was made an Interim Judgment of the court by signature of the Domestic Commissioner. Both parties timely objected to the recommendation and the matter was set for a hearing on August 24, 2005 before the district court judge to whom the case was assigned. On August 24, 2005, Mr. Ackel made a motion to continue the hearing to allow time for additional discovery. The motion was granted by the trial judge. The matter was re-set for November 9, 2005 for a discovery status conference. Also on August 24, 2005, the trial court judge signed an "Interim Judgment" ordering Mr. Ackel to pay Ms. Ackel $1,500.00 per month. Due to hurricane Katrina, the November status conference did not take place.
On February 3, 2006, Ms. Ackel filed a Rule for Past Due Final Periodic Spousal Support, Contempt, Attorney Fees and Costs, asserting that Mr. Ackel had failed to pay the $1,500.00 per month spousal support. Following consideration by a hearing officer on March 17, 2006, it was recommended that $10,500.00 in past due spousal support be made executory, and that Mr. Ackel be cast for $500.00 for attorney fees and $150.00 in costs. The contempt was referred to the trial court. Both parties objected to the recommendation.
On April 10, 2006, the trial judge, after conducting a hearing, rendered judgment in favor of Ms. Ackel and against Mr. Ackel for past due permanent periodic spousal support, through April 15, 2006, in the amount of $12,000.00, $1,600.00 for attorney fees and $150.00 for costs. The trial judge also found Mr. Ackel in contempt for failure to make the spousal support payments pursuant to the Interim Judgment and sentenced him to 15 days in jail. A "purge hearing" was set for April 28, 2006, to allow Mr. Ackel to avoid jail by making payment to Ms. Ackel in full by that date.
Mr. Ackel filed a motion for new trial which was denied. He also sought supervisory writs from both this Court and the Supreme Court which were also denied. Ackel v. Ackel, 06-0386 (La.App. 5th Cir.5/25/06), writs denied, 06-1258 (La.5/30/06), 929 So.2d 1236. Mr. Ackel *405 is now appealing from the trial court judgment insofar as he was found in contempt.[1]
On appeal Mr. Ackel argues that he should not have been held in contempt of court for failing to pay spousal support based solely upon the hearing officer's recommendation. He argues that prior to being held in contempt, he should be afforded a trial on the merits before a judge to determine whether Ms. Ackel is even entitled to permanent periodic spousal support. Mr. Ackel contends that his due process rights are being violated by the instant procedure. He relies on a case from the Third Circuit, Piccione v. Piccione, 01-1086 (La. App 3rd Cir 5/22/02), 824 So.2d 427, in support of his position.
In Piccione, the Third Circuit set aside a contempt judgment rendered against Dr. Piccione for failing to pay spousal and child support in accordance with the recommendations of a hearing officer. During the course of their divorce proceedings, the Picciones had gone before a hearing officer concerning child support and interim periodic spousal support. The hearing officer issued recommendations that were neither reduced to a written order nor filed into the record of the proceeding. Both parties filed exceptions to the hearing officer's recommendations. Thereafter, Ms. Piccione filed a Rule for Contempt alleging that Dr. Piccione had failed to pay child and spousal support as recommended by the hearing officer. The trial court found Dr. Piccione in contempt and the Court of Appeal reversed. In reaching their decision, the Third Circuit panel considered La. R.S.46:236.5, which authorizes the use of hearing officers in domestic matters, including support matters. They also reviewed the local district court rule relating to hearing officers. The court noted that the hearing officer's recommendations were not made part of the record until after the contempt ruling, and further reasoned that the local rule[2] gave the hearing officer more authority than contemplated by the statute by allowing contempt proceedings against a party against whom no court order has ever been issued.
As noted by this Court previously, in denying Mr. Ackel's writ application, this case is distinguishable from Piccione. First and foremost, the record in this case establishes, unlike that in Piccione, that the recommendations of the hearing officer were made an "Interim Judgment" of the court when signed by the Domestic Commissioner. Moreover, ten days later, after Mr. Ackel moved for a continuance of the trial court hearing on his objection to the hearing officer's recommendations, the district court judge signed an "Interim Judgment" "ORDER[ING] . . . that George J. Ackel, Jr. pay Darleen P. Ackel final periodic spousal support in the amount of $1,500.00 per month." Thus, as distinguished from the Piccione case, the contempt proceedings in this case did not proceed against a party in the absence of a court order but, to the contrary, were to enforce the court order issued by the district court judge. While we acknowledge that the interim judgment may have been entered in consideration of the hearing officer's recommendations, it is no less a court order for contempt purposes.
*406 Additionally, we find this case distinguishable from Piccione because, since its rendition, La. R.S. 46:236.5 has been amended in critical respects to broaden the authority of the hearing officers in accord with local court rules. In light of the amendments and considering the local court rules applicable to this case, from the Twenty-Fourth Judicial District Court, we do not find, as did our Third Circuit brethren, that our local rules have the effect of modifying La. R.S. 46:236.5 in a manner that surpasses statutory authority.
La. R.S. 46:236.5, which authorizes the use of hearing officers in domestic cases, provides in pertinent part:
C. An expedited process for the establishment of paternity and the establishment and enforcement of support using hearing officers shall be implemented as follows:
(1) The judge or judges of the appropriate court or courts for the establishment of paternity or the establishment and enforcement of support and other domestic and family matters may appoint one or more hearing officers to hear paternity, support, and other domestic and family related matters.
* * *
(3) The hearing officer shall act as a finder of fact and shall make written recommendations to the court concerning any domestic and family matters as set forth by local court rule including by not limited to the following matters:
(a) Hear and make recommendations on establishment and modification of child and spousal support, child custody and visitation.
* * *
(f) Hear and make recommendations on the punishment by the court for the constructive contempt of an order of the court or hearing officer.
* * *
(6) A copy of any written recommendations, orders, or uncontested judgments rendered by the hearing officer shall be provided to the parties and their counsel at the time of the hearing officer's ruling, if present. Any party who disagrees with a judgment or ruling of a hearing officer on a matter set forth in Paragraph (3) may file a written objection to the findings of fact or law of the hearing officer within the time and manner established by court rule. (Emphasis provided.)
The pertinent local rules of the Twenty-Fourth Judicial District Court, applicable here, are Rule 35.0 and Rule 35.5, which provide in part:
Section 3. The purpose of the Hearing Officers is to provide an expedited process for the establishment, modification and enforcement of support obligations by authorizing and directing one or more hearing officers to hear support and support related matters.
Section 4. The Hearing Officer shall act as a finder of fact and make recommendations to the Domestic Commissioner or the District Court concerning the following matters:
A. Establishment and modification of support
Section 5. The Hearing Officer may do the following:
F. Summarize testimony and make a written recommendation to the Domestic Commissioner or the District Court concerning the disposition of the matter, including a recommendation for default order on the absent parent not responding to notice.
Section 6. Procedures.

*407 A. The Commissioner or District Judge shall sign an interim order after review of the Hearing Officer's recommendations. The interim order shall be without prejudice to either party.
B. Should either party disagree with an interim order signed by the Domestic Commissioner the party shall set the matter for hearing on the docket of the District Judge to whom the case has been allotted. (Emphasis added.)
Rule 35.5, more specifically addressing Interim Orders, provides in pertinent part:
Section 8. Prior to consent between the parties or a judicial determination of the merits of the support demand, the recommendation of the Hearing Officer shall be deemed an interim order for support, effective from the date of the meeting with the Hearing Officer, without prejudice to either party. Either party may draft and submit to the Court an interim order in accordance with the Hearing Officer's recommendations, which will be signed by the Commissioner.
In reviewing the statute and local rules, we find no improper expansion by local court rules of the statutory authority granted hearing officers. To the contrary we find a local system in accord with the authority granted by La. R.S. 46:236.5. The stated purpose of both the statute and local rules is expedited handling of domestic matters. The statute authorizes the appointment of hearing officers as finders of fact to, as relevant here, fix spousal support. The hearing officers are further authorized to make written recommendations to the court "as set forth by local court rule." If objection is made to the written recommendations "within the time and manner established by court rule," the matter shall be set for contradictory hearing before the court. Moreover, we note that the amendments to La. R.S. 46:236.5, were made following the Piccione decision for the stated purpose, "to expand the authority of hearing officers." Thus, we find that the statute clearly contemplates that the local rules will provide the particulars regarding the hearing officer procedures.
The local rules of the Twenty-Fourth Judicial District Court provide those particulars without going beyond the statute. Rule 35.0 mirrors the statute and adds the additional requirement, which was followed in this case, that any interim orders from a hearing officer's recommendations be signed and, thus, rendered by the Domestic Commissioner or District Judge. Rule 35.5 provides that the recommendations of the hearing officer, signed by the Commissioner, and prior to consent by the parties or a judicial determination of the merits, shall be deemed an interim order for support. We find this rule consistent with the statutory directive that any objection to the hearing officer's findings may be filed "within the . . . manner established by court rule."
As stated above, the express purpose of the hearing officer procedures is to create an expedited method of handling domestic cases, particularly here, establishing support. This purpose would be completely defeated if, as here, Mr. Ackel is allowed to postpone spousal support payments by objecting to the hearing officer's recommendations and delaying a hearing before the court through continuance requests and neglect to have the case set for hearing. The Legislature, by statute, clearly expressed a contrary objective.
Finally, we note that Rule 35.5 provides that the interim order for support will be "without prejudice to either party." This language makes clear that although the interim order is effective pending judicial review, Mr. Ackel would have a remedy to seek a refund or credit for the support *408 paid pursuant to the order if the award is later vacated or modified after judicial review. Thus, Mr. Ackel's contention that he will be required to pay support without judicial oversight is without merit.[3]
Therefore, based on the foregoing, we find no merit in Mr. Ackel's arguments that the trial court erred in finding him in contempt of court for failing to make spousal support payments as recommended by the hearing officer and made an interim judgment of the court by signature of the commissioner and district court judge.
Accordingly, the trial court judgment finding Mr. Ackel in contempt for failing to make spousal support payments is affirmed.
AFFIRMED.
NOTES
[1] Mr. Ackel has not appealed, by assignment of error or argument, from the part of the judgment awarding past due support, attorney fees and costs.
[2] Local Rule 65(C)(8) of the Fifteenth Judicial District Court provided:

"If the hearing officer's recommendation is objected to, then the hearing officer's recommendation becomes an interim order pending the final disposition of the claims by the Court. This interim order shall be without prejudice and shall not affect the retroactivity of the claims of either side."
[3] This process is in accord with Supreme Court decisions regarding the constitutional authority of commissioners because neither the hearing officer nor the commissioner is making the ultimate determination. State v. O'Reilly, 00-2864 (La.5/15/01), 785 So.2d 768; State v. Umezulike, 03-1404 (La.2/25/04), 866 So.2d 794. The issuance of an interim order of support by the hearing officer or commissioner is subject to review by the district court and is issued without prejudice.