# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 14-478

STATE OF LOUISIANA

VERSUS

LANDELL L. DAVIS

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 05-230447
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

************

**SHANNON J. GREMILLION**
**JUDGE**

************

Court composed of Billy H. Ezell, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**APPEAL DISMISSED.**

**Angela Odinet**
**District Attorney - 16th JDC**
**415 S. Main Street**
**St. Martinville, LA 70582**
**(337) 394-2220**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Peggy Sullivan**
**Louisiana Appellate Project**
**P.O. Box 2806**
**Monroe, LA 71207**
**(318) 855-6038**
**COUNSEL FOR APPELLANT:**
    **Landell L. Davis**

**Gremillion, Judge.**

This is an appeal by the Defendant, Landell L. Davis.

Pursuant to a plea agreement, the Defendant pled guilty on November 16, 2006, to vehicular homicide, hit and run driving, and unauthorized use of a motor vehicle. The plea agreement provided that a sentencing hearing was to be held at which the State and the Defendant could present evidence. Further, the sentences were to run concurrently, and the State agreed not to charge the Defendant as a habitual offender. At the Defendant's May 11, 2007, sentencing, he was sentenced on the conviction of vehicular homicide to serve twenty-five years at hard labor, ten of which is to be without benefit of parole, probation, or suspension of sentence. For this conviction, the court also imposed a $2,000.00 fine and requested as a condition of parole that the Defendant be ordered to make restitution to the victim's family for funeral expenses. For each of his convictions of hit and run driving and unauthorized use of a motor vehicle, the court sentenced the Defendant to ten years at hard labor. The court ordered that the sentences run concurrently.

On September 24, 2012, the Defendant filed a Motion for Out of Time Reconsideration of Sentence, to which the court ordered the State to file a response. The State objected on the basis of untimeliness and further noted that the Defendant was represented by counsel and "the sentence imposed was pursuant to a sentence hearing." Two separate orders dated October 25, 2012, and November 16, 2012, were issued denying the motion for the reasons outlined in the State's answer.

The Defendant subsequently filed an application for post-conviction relief seeking an out-of-time appeal contending that he was assured by his attorney that

an appeal would be filed, as requested by the Defendant. However, since counsel

made no oral or written motion to reconsider his sentence or appeal, and the time

for seeking an appeal had lapsed, the Defendant sought reinstatement of his right to

appeal. Specifically, the Defendant stated:

> Petitioner's counsel . . . made no oral or written motion to reconsider his sentence or a motion for appeal and the time for obtaining an appeal as a matter of right has since elapsed.
>
> . . . .
>
> Petitioner is avowing that he expressed his desire to have his attorney, prefect[sic] an appeal, who assured him that one would be filed. However, as the court record will reflect that no appeal was filed, and time has since elapsed. Petitioner is expressing his desire to appeal his conviction. As such, he is presenting this application for post-conviction relief establishing his right to appeal, in accordance to La.C.Cr.P. 924, et seq.
>
> . . . .
>
> In the foregoing application, the petitioner prays that this Honorable Court will reinstate his rights to appeal the conviction and sentence imposed, pursuant to La.C.Cr.P. 914.

This post-conviction relief application is date stamped December 10, 2013,

beneath the judge's order of that date requiring the State to respond to the

application. The State did file a response; however, it appears it came after the

court's January 6, 2014, granting of the appeal.

The supreme court has held that it is improper to consider the merits of a

defendant's appeal where an out-of-time appeal is untimely granted:

> Granted. The courts below erred by considering the merits of the defendant's *Crosby* reservation, *see State v. Crosby*, 338 So.2d 584 (La.1976), in an out-of-time appeal granted years after finality of the defendant's conviction and sentence. *See* La.C.Cr.P. art. 930.8(A) ("No application for post-conviction relief including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final ....."); *State ex rel. Glover v. State*, 93-2330, p. 22 (La.9/5/95), 660 So.2d 1189, 1201 ("[T]he fact that the trial court reached the merits in an untimely filed application for post conviction

relief . . . [does] not preclude [an appellate court] from raising Art. 930.8's time bar.").  The decision of the court of appeal is therefore reversed and the defendant's conviction and sentence are reinstated.

*State v. Theard*, 04-1212 (La. 6/17/05), 904 So.2d 681, 681.

On June 9, 2014, this court issued an order requiring the Defendant to show cause by brief only why the appeal should not be dismissed as untimely citing La.Code Crim.P. art. 930.8 and *State v. Celestine*, 04-1130 (La.App. 3 Cir. 2/2/05), 894 So.2d 1197, *writ denied*, 05-1401 (La. 2/17/06), 924 So.2d 1001.

Two responses were received.  The first, filed by the Defendant's attorney, acknowledges that more than two years lapsed between the finality of his conviction and sentence and the Defendant's request for an out-of-time appeal. Accordingly, appellate counsel attempts to establish an exception to the two year time limitation of La.Code Crim.P. art. 930.8.  Louisiana Code of Criminal Procedure Article 930.8 provides in pertinent part:

> A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
>
>> (1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.

Essentially, the Defendant, through counsel, claims neither the trial court nor counsel advised the Defendant on the record of his right to appeal his sentence. Rather, the Defendant points out that at the time of his guilty plea, he was advised there would be no appeal.

A review of the transcript of the guilty plea proceeding indicates the following statement was made by the trial court in this regard:

> Q.    If you lost your case, you could appeal to a higher court. Again, the help and assistance of a lawyer could be provided for you

3

free of charge if you couldn't afford your own. When you plead guilty, you give up all those rights. There will be no trial, there will be no jury, there will be no witnesses, there will be no appeal. You are agreeing to be sentenced by the Court at your sentencing hearing in accordance with law and in accordance with the evidence presented there. Do you understand?

A. Yes sir.

At the sentencing proceeding, the court informed the Defendant that he had two years from the finality of his conviction to apply for post-conviction relief.

The Defendant notes a guilty plea waives one's right to appeal his or her conviction but does not waive the right to appeal a sentence imposed without the benefit of a sentencing agreement. According to the Defendant, his attorney did not know the Defendant maintained a constitutional right to appeal. Further, the Defendant points out that at the conclusion of the sentencing proceeding, counsel moved to withdraw; however, the record does not reflect a ruling on this request. He claims he has established an exception to La.Code Crim.P. art. 930.8, specifically subsection (A)(1).

The Defendant's allegation that he and his attorney were unaware of his right to appeal is contradicted by his statement in his post-conviction relief application "avowing that he expressed his desire to have his attorney, prefect [sic] an appeal, who assured him that one would be filed." Additionally, although the Defendant was advised by the trial court of the time limit in which he must seek post-conviction relief, he did not timely seek an out-of-time appeal via post-conviction relief. Finally, even assuming the Defendant and his counsel were unaware of his right to appeal, the Defendant cites no jurisprudential authority establishing that this qualifies as an exception under subparagraph (A)(1) of La.Code Crim.P. art. 930.8.

4

The second response to the rule to show cause was filed *pro se*. In it, the Defendant claims his convictions for vehicular homicide and hit and run driving violate the prohibition against double jeopardy. He proceeds to argue the merits of his double jeopardy claim without any mention of how the claim qualifies as an exception to the time limitation set forth in La.Code Crim.P. art. 930.8. In *State v. Hardy*, 09-176 (La.App. 3 Cir. 6/3/09) (unpublished opinion), this court held:

> **WRIT DENIED:** Relator's claim of double jeopardy does not involve illegality of his sentences, but is a claim of trial error properly cognizable in an application for post-conviction relief, if at all. However, Relator's claim was filed more than two years after his convictions and sentences became final and Relator fails to allege an exception to the time limitation set out in La.Code Crim.P. art. 930.8. Consequently, Relator's double jeopardy claim is precluded from review. Furthermore, La.Code Crim.P. art. 930.3 provides no basis for review of claims of excessiveness or other sentencing errors in a post-conviction relief application. *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172.

For the reasons discussed, we find an exception to the time limitation of La.Code Crim.P. art. 930.8 has not been established. Accordingly, we dismiss the Defendant's appeal.

**APPEAL DISMISSED.**