FREDERICKA HOMBERG WICKER, Judge.
| aThis matter arises from the trial court’s finding that the appellant’s request for final spousal support is perempted pursuant to Louisiana Code of Civil Procedure article 561 and Louisiana Civil Code article 117. For the foregoing reasons, this Court finds that the trial court made a prejudicial error of law in her preliminary analysis of which judgment governed the support obligations between the parties. Therefore, we conduct a de novo review and find that the trial court erred by granting appellee’s exception of peremption. Accordingly, we reverse the trial court’s judgment and remand the matter for further proceedings consistent with this opinion.
FACTUAL AND PROCEDURAL HISTORY
Amy Steen Reggio and Richard Nicholas Reggio were married on February 15, 1992. Of this marriage, two children were born; a son in 1994 and a daughter in 1999. On August 20, 2004, Ms. Reggio filed for divorce in the 24th Judicial District Court. On September 8, 2004, the parties signed a Consent Judgment |swherein Mr. Reggio was ordered to pay Ms. Reggio monthly child support in the amount of $3,725 and interim spousal support in the amount of $3,275 per month.
On March 5, 2005, Ms. Reggio filed a rule to increase Mr. Reggio’s child support obligation and to set final spousal support. On March 30, 2005, Mr. Reggio filed a rule to decrease his child support obligation and terminate spousal support. On May 25, 2005, the parties appeared before a Hearing Officer. The Hearing Officer issued written recommendations that Mr. Reggio pay child support in the amount of $1,993 per month and interim spousal support in the amount of $2,007 per month. Ms. Reggio filed a written objection to the Hearing Officer’s recommendations. On June 28, 2005, the trial judge signed a judgment adopting the Hearing Officer’s recommendations as an order of the court, pending an evidentiary hearing on Ms. Reggio’s objections. On January 23, 2006, the trial court rendered a judgment ordering Mr. Reggio to pay $3,647 per month in child support and $4,000 per month in spousal support, retroactive to the date of judicial demand.
Mr. Reggio appealed the trial court’s January 23, 2006 Judgment. On March 13, 2007, this Court vacated the trial court’s judgment, finding that the record lacked the necessary evidence to support the trial court’s award of child support and final spousal support.[1] Following remand, neither party took any steps in the prosecution or defense of Ms. Reggio’s claim for final spousal support until 2013.
*292 On July 3, 2013, Ms. Reggio filed a motion to reset her Rule for Increase in Child Support and for Final Periodic Spousal Support originally filed on March 5, 2005. On February 24, 2014, Mr. Reg-gio filed a peremptory exception, claiming that Ms. Reggio’s claim was procedurally barred under Louisiana Code of Civil Procedure article 561 and Louisiana Civil Code article 117.
|4The trial court held a hearing on Mr. Reggio’s exception of peremption, wherein both parties testified. Ms. Reggio urged that her claim for final spousal support was not perempted. Under Louisiana Civil Code article 117, claims for final spousal support are subject to a three year per-emptive period that begins to run from the latest of three events, one of which is the last voluntary spousal support payment rendered. Ms. Reggio argued that the last binding judgment governing Mr. Reg-gio’s support obligations is the June 28, 2005 Judgment. Under the June 28, 2005 Judgment, Mr. Reggio was obligated to pay $1,993 per month in child support. Ms. Reggio testified that between 2006 and 2013 Mr. Reggio paid significantly more than $1,993 per month in child support. Ms. Reggio argued that the additional payments constituted voluntary spousal support, and that her claim for final spousal support was therefore not perempted.
More specifically, Ms. Reggio testified that Mr. Reggio paid her between $3,500 and $4,000 per month in support from 2006 until 2013. She testified that she believed that Mr. Reggio made the subject payments pursuant to the June 28, 2005 Judgment. Ms. Reggio testified to her understanding that Mr. Reggio was paying voluntary spousal support in addition the $1,993 in child support he was required to pay per month under the June 28, 2005 Judgment. According to Ms. Reggio, “[tjhere was no way in the world” that she and her children could have “made it” on $1,993 per month and still have paid her children’s private school tuition. At the time of the divorce, Ms. Reggio had a high school education, minimal work experience, and two children aged five and' nine. Ms. Reggio testified that Mr. Reggio made additional support payments both for her incidental expenses and those of their children. Specifically, Ms. Reggio stated:
Sometimes he could give us extra money ... I would need it for essentials. And if I had to pay my [out of pocket] medical expenses, I might not have | .-.enough money to pay something for the kids or vice versa.
Ms. Reggio testified that she and Mr. Reggio would discuss these incidental expenses informally over the phone. According to Ms. Reggio, Mr. Reggio referred to these payments both verbally and in e-mails as “mercy money.” Ms. Reggio testified that until Mr. Reggio’s new spouse began writing his child support checks for him, he was routinely making support payments of up to $4,000 per month.
Mr. Reggio urged that Ms. Reggio’s request for final spousal support was abandoned pursuant to Louisiana Code of Civil Procedure article 561. Louisiana Code of Civil Procedure article 561 states that when no party takes steps in the prosecution or defense of a claim for three years, the claim is abandoned. Mr. Reggio also claimed that the June 28, 2005 Judgment was not binding on the parties. Therefore, Mr. Reggio argued, the last binding judgment governing Mr. Reggio’s support obligations was the September 8, 2004 Consent Judgment. Under the September 8, 2004 Consent Judgment, Mr. Reggio was ordered to pay $3,725 per month in child support. Mr. Reggio testified that after the parties’ divorce was finalized and the *293 trial court’s award of final spousal support was vacated, he no longer paid spousal support of any kind. He further testified that all payments made to Ms. Reggio were strictly for child support, which he believed he was paying pursuant to a court order. Therefore, he argued, the payments did not constitute voluntary spousal support. Accordingly, he urged that under Louisiana Civil Code article 117, Ms. Reggio’s claim for spousal support is now perempted.
Mr. Reggio specifically testified that any amount in support he paid over the $3,725 per month stipulated in the September 8, 2004 Consent Judgment was strictly for his children’s needs, and not Ms. Reggio’s. In support of his argument, Mr. Reggio admitted into evidence a series of cancelled checks to Ms. Reggio with |fithe phrase “Child Support + Extras” written in the memo lines. On cross examination, Mr. Reggio stated that although his new wife wrote the support checks admitted into evidence, she filled out the memo lines according to his instructions. He also testified that he did not recall going before the hearing officer on May 25, 2005, and had no recollection of ever receiving notice that his child support obligations had changed since the September 8, 2004 Consent Judgment. Mr. Reggio admitted that in 2018 he halved his payments to Ms. Reggio without seeking permission from the court. Mr. Reggio stated that when his son turned nineteen, he “made a reduction in child support based on what [he] felt was lawfully right.”
On March 31, 2014, the trial court sustained Mr. Reggio’s exception of peremption and found that Ms. Reggio’s March 5, 2005 claim for final spousal support was perempted under Civil Code Article 117. In reaching its conclusion, the trial court first found that the June 28, 2005 Judgment was not binding on the parties. Therefore, the trial court reasoned that the most recent binding judgment governing Mr. Reggio’s support obligation to Ms. Reggio and his children was the September 8, 2004 Consent Judgment. Accordingly, the trial court reasoned that Mr. Reggio’s payments to Ms. Reggio were child support payments, not voluntary spousal support. Consequently, the trial court found that Ms. Reggio’s claim for final spousal support was perempted. This timely appeal follows.
DISCUSSION
In her sole assignment of error, Ms. Reggio argues that the trial court erred in granting Mr. Reggio’s exception of per-emption and dismissing Ms. Reggio’s request to reset the motion to set permanent spousal support. Ms. Reggio argues June 28, 2005 Judgment constituted a valid and enforceable judgment. Therefore, Ms. Reggio contends that Mr. Reggio was only obligated to pay $1,993 per month |7in child support once their divorce was final. Both parties agree that between 2006 and 2013, Ms. Reggio paid Ms. Reggio at least $3,500 per month in support. Ms. Reggio claims that those additional payments constitute voluntary spousal support under Louisiana Civil Code article 117. Thus, Ms. Reggio argues that peremption has not run on her request to set final spousal support.
For the following reasons, this Court finds that the trial court made a prejudicial error of law in her preliminary analysis of which judgment governed the support obligations between the parties. Therefore, we conduct a de novo review and find that the trial court erred by granting Mr. Reg-gio’s exception of peremption. Accordingly, we reverse the trial court’s judgment.
At a hearing on a peremptory exception pleaded prior to trial of the ease, evidence may be introduced to support or controvert any of the objections pleaded on the peremptory exception when the grounds *294 for the exception are not apparent from the face of the petition. La. C.C.P. art. 931. If evidence is introduced at the hearing on an exception of peremption, the trial court’s findings of fact are evaluated under the manifest error standard of review. Schonekas, Winsberg, Evans & McGoey, LLC. v. Cashman, 11-449 (La.App. 5 Cir. 12/28/11), 83 So.3d 154, 158. However, when a prejudicial error of law skews the trial court’s finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo. Rosell v. ESCO, 89-0607 (La.9/12/89), 549 So.2d 840, 844; citing Gonzales v. Xerox Corp., 254 La. 182, 320 So.2d 163 (1975).
For the reasons discussed below, we find that the trial court made a prejudicial error of law by applying the September 8, 2004 Consent Judgment to its analysis of whether Ms. Reggio’s claim for final spousal support is perempted. ^Accordingly, we apply the correct law and determine the essential material facts de novo.

Which judgment applies?

In order to determine whether Ms. Reggio’s claim for final spousal support is perempted, we must first address which judgment governs Mr. Reggio’s support obligations. Ms. Reggio argues that the trial court erred in finding that the June 28, 2005 Judgment was not the binding judgment determining Mr. Reggio’s support obligations. Conversely, Mr. Reggio argues that the trial court was correct in finding that the June 28, 2005 Judgment Recommendations were not binding on the parties. According to Mr. Reggio, the trial court’s January 23, 2007 Judgment rendered the trial court’s June 28, 2005 Judgment permanently unenforceable.[2] Mr. Reggio further argues that because the trial court’s January 23, 2006 judgment was vacated and remanded by this Court for further proceedings, the last enforceable judgment between the parties was their September 8, 2004 Consent Judgment.
A review of the record reveals that the last binding judgment governing Mr. Reg-gio’s support obligations is the June 28, 2005 Judgment memorializing the May 25, 2005 Hearing Officer Recommendations. This Court has previously analyzed the legal effect of a judgment memorializing the recommendations of a Hearing Officer of the 24th Judicial District Court in a divorce proceeding. Ackel v. Ackel, 951 So.2d 403 (La.App. 5 Cir.1997). In Ackel, this Court upheld the trial court’s finding that a party to a divorce could be held in contempt for failure to pay support pursuant to written recommendations issued by a Hearing Officer. Id. This Court’s holding in Ackel was supported by a thorough review of both the record and the applicable State Statute and Local Rules. The authority of Hearing |aOfficers in Louisiana presiding over domestic cases is governed by La. R.S. 46:236.5, which was enacted for the purpose of expediting the determination of matters incidental to divorce and child custody. La. R.S. 46:236.5 states that hearing officers provide, “an expedited process” for findings of fact in domestic matters. La. R.S. 46:236.5 specifically gives hearing officers the authority to, “hear and make recommendations on establishment and modification of child and spousal support, child custody, and visitation.” It also specifically requires that a copy of any written recommendations rendered by the hearing officer be *295 provided to the parties and their attorneys.
In this case, the relevant local rules of the 24th Judicial District Court are Rule 23 and Rule 35.5. Both rules are substantively similar to the Local Rules discussed in Ackel, supra. Rule 23 provides that hearing officers may establish and modify support, summarize testimony, and make written recommendations to the Domestic Commissioner and District Court. Rule 35.05 requires that, “the Commissioner or District Judge shall sign an interim order after review of the Hearing Officer’s recommendation” and that “[t]he interim order shall be without prejudice to either party.” Under Rule 35.5, either party to a divorce may file a written objection with the trial court which will be heard at an evidentiary hearing.
In Ackel, both parties to the divorce had filed written objections to the Hearing Officer’s written recommendations. Ackel, supra, at 405. However, this Court found that, pending an eviden-tiary hearing on the parties’ objections, the written recommendations of the Hearing Officer were binding on both parties. Id. at 408. As in Ackel, the Hearing Officer’s Recommendations in this case were adopted by the district court as a judgment, signed by the district judge. As in Ackel, that judgment is binding on the parties until such time as the trial court holds a new evidentiary hearing on the objections to the Hearing Officer’s | inRecommendations. Although the trial court held a hearing on January 23, 2006, that judgment was subsequently vacated by this Court. A vacated judgment is of no force or effect, and parties to a vacated judgment return to the same positions they held prior to the appealed judgment being rendered. See Astoria Entm’t, Inc. v. DeBartolo, 988 So.2d 832, 835 (La.App. 4 Cir.2008). Prior to the January 23, 2006 judgment, the parties were bound by the June 28, 2005 Judgment. Therefore, because the January 23, 2006 judgment is vacated, the June 28, 2005 Judgment is the judgment currently binding on the parties.[3]
Is Ms. Reggio’s claim perempted?
Ms. Reggio argues that her claim for spousal support is not perempted under Louisiana Civil Code article 117 because Mr. Reggio has been making voluntary spousal support payments since 2006. As discussed above, claims for final spousal support are perempted after a period of three years beginning from the last of three events, one of which is the last voluntary spousal support payment made. La. C.C. Art. 117. For the following reasons, we find that the payments made by Mr. Reggio to Ms. Reggio beyond the required $1,993 per month between 2006 and 2013 were voluntary under Louisiana Civil Code Article 117. Accordingly, we find that her claim for final spousal support is not perempted.
Although the June 28, 2005 Judgment set an award for interim spousal support, Ms. Reggio’s interim spousal support award terminated 180 days from the trial court’s rendition of its judgment of divorce without any request for an extension for good cause shown. La. C.C. Art. 113. Therefore, since the termination of Ms. Reggio’s interim spousal support award, Mr. Reggio has not | ubeen legally obligated to pay over the $1,993 per month in child support pursuant to the June 28, 2005 Judgment.
*296 Both parties agree that between January 2007 and July 2013, neither party took any steps to. either prosecute or defend Ms. Reggio’s claim for final spousal support. Louisiana Code of Civil Procedure Article 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. In general, Louisiana Code of Civil Procedure article 561 is to be liberally construed in favor of maintaining an action. Bourg v. Entergy Louisiana, LLC, 12-829 (La.App. 5 Cir. 4/10/13), 115 So.3d 45, writ denied, 13-1064 (La.6/21/13), 118 So.3d 421. However, because neither party in this case took any steps in the prosecution or defense of Ms. Reggio’s rule to set final spousal support for over three years, it is abandoned pursuant to Louisiana Code of Civil Procedural Article 561. Therefore, the question of whether Ms. Reggio’s claim remains valid turns on the application of Louisiana Civil Code Article 117.
Peremption is a period of time fixed by law for the existence of a right. The right is extinguished upon the expiration of the peremptive period. La. C.C. Art. 3458. Peremption not only makes the right unenforceable; it destroys the right itself. See Pounds v. Schori, 377 So.2d 1195 (La.1979); Flowers Inc. v. Rausch, 364 So.2d 928 (La.1978). Under Louisiana law, both prescriptive and peremptive statutes are to be strictly construed in favor of maintaining the claim that is said to be extinguished. See Rando v. Anco Insulations Inc., 08-1163 (La.05/22/09), 16 So.3d 1065, 1082; Security Ctr. Protection Servs. v. All-Pro Sec., 94-1317 (La.App. 4 Cir. 02/23/95), 650 So.2d 1206, 1209; citing Louisiana Health Service v. Tarver, 93-2449 (La.4/11/94), 635 So.2d 1090, 1098.
| )2In Louisiana, the right to claim spousal support following a divorce is subject to a peremptive period of three years. La. C.C. Art. 117. Peremption begins to run from the latest of the following events: (1) the day the judgment of divorce is signed, (2) the day a judgment terminating a previous judgment of spousal support is signed, if the previous judgment was signed in an action commenced either before the signing of the judgment of divorce or within three years thereafter, or (3) the day of the last payment made, when the spousal support obligation is initially performed by voluntary payment within the periods described in Paragraph (1) or (2) and no more than three years has elapsed between payments. La. C.C. Art. 117.
Based on our de novo review of the specific facts and circumstances in this case, and bearing in mind that the law favors the maintenance of an action in the face of peremption, we find that the payments made by Mr. Reggio to Ms. Reggio beyond the required $1,993 per month constitute voluntary spousal support payments under Louisiana Civil Code Article 117. Louisiana courts have rarely discussed the application of Louisiana Civil Code Article 117(3). However, in Lacombe v. Lacombe, the Third Circuit Court of Appeal touched on the question of what constitutes a voluntary spousal support payment under Louisiana Civil Code article 117. Lacombe v. Lacombe, 11-1178 (La.App. 3 Cir. 02/01/12), 85 So.3d 721. In Lacombe, the parties had informally agreed to an amount of support and reimbursement to be paid monthly. Id. at 726. On appeal, the Third Circuit found that the husband’s payments to his ex-wife constituted voluntary spousal support because they “were not court-ordered.” Id. As discussed above, Mr. Reggio’s support payments of between $3,500 and $4,000 a month were not “court-ordered” because they were made over and above the binding judgment requiring monthly child support payments of $1,993. Any agreement *297 between Mr. and Ms. Reggio 113was therefore informal, and as in Lacombe, should be considered voluntary. Therefore, we find that Mr. Reggio was making voluntary spousal support payments until 2013.
Because Mr. Reggio continued making voluntary spousal support payments until 2013, Ms. Reggio’s claim for final spousal support is not perempted under Louisiana Civil Code Article 117(C). Accordingly, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

. See Reggio v. Reggio, 06-800 (La.App. 5 Cir. 03/13/07), 956 So.2d 637.

. Mr. Reggio cites no case law or statutory authority to support this argument.

. However, because over three years has passed since Ms. Reggio filed her objections to the Hearing Officer's Recommendations, those objections have been abandoned under Louisiana Code of Civil Procedure article 561.