PER CURIAM.
_JjOn August 12, 2014, this court reversed, vacated, and set aside the trial court’s ruling granting Daniel B. Prince’s (Defendant) Motion for Out-of-Time Appeal. See State v. Prince, 14-789 (La.App. 3 Cir. 8/12/14) (unpublished). We ordered the trial court to conduct the evidentiary hearing previously ordered by this court in State v. Prince, 13-1349 (La.App. 3 Cir. 2/10/14) (unpublished), in conformity with State v. Counterman, 475 So.2d 336 (La.1985). Minutes of the trial court indicate no hearing has been had thus far, and there has been no new grant of an out-of-time appeal after our ruling dated August 12, 2014 or subsequent to the lodging of this appeal in January 2015. The court minutes reflect the hearing ordered by this court was passed over by the trial court on April 23, 2015 with no date set for hearing.
The vacated trial court ruling is of no force or effect. See, e.g. Astoria Entertainment, Inc. v. DeBartolo, 07-1519 (La.App. 4 Cir. 6/27/08), 988 So.2d 832, reversed on other grounds, 08-1690 (La.5/22/09), 12 So.3d 956 and State v. Cloud, 06-877 (La.App. 3 Cir. 12/31/06), 946 So.2d 265, writ denied, 07-86 (La.9/21/07), 964 So.2d 331. “The [state] supreme court has held that it is improper to consider the merits of a defendant’s appeal where an out-of-time appeal is untimely granted[.]” State v. Davis, 14-478, p. 2 (La.App. 3 Cir. 9/10/14), 159 So.3d 482, 483, quoting State v. Theard, 04-1212, p. 1 (La.6/17/05), 904 So.2d 681, 681. See also, La.Code Crim. P. art. 930.8(A). Because this court vacated the out-of-time appeal order and remanded the matter for a hearing, no appeal lies until the trial court has ruled on the remand. The appeal is dismissed.
APPEAL DISMISSED.