NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

23-257

STATE OF LOUISIANA

VERSUS

LARRY WILLIAM LOYA

************

APPEAL FROM THE
FOURTEENTH JUDICAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 20881-18
HONORABLE RONDALD WARE, JUDGE

************

SHANNON J. GREMILLION
JUDGE

************

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Gary J. Ortego, Judges.

APPEAL DISMISSED.

Hon. Stephen C. Dwight

**District Attorney, 14ᵗʰ Judicial District**
**901 Lakeshore Dr., Suite 600**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**


**Annette Roach**
**Louisiana Appellate Project**
**P.O. Box 6547**
**Lake Charles, Louisiana 70606**
**COUNSEL FOR APPELLANT:**
    **Larry William Loya**

**GREMILLION, Judge.**

On December 11, 2018, Defendant, Larry William Loya, was charged by bill of information with one count of distribution of a controlled dangerous substance, Schedule I, in violation of La.R.S. 40:966(A)(1). On May 20, 2019, Defendant pleaded guilty to distribution of a controlled dangerous substance, Schedule I, and was sentenced to twenty-five years at hard labor, with credit for time served.

On December 22, 2021, Defendant filed his "First Uniform Application for Postconviction Relief" with the trial court, requesting to be granted an out-of-time appeal. Defendant argued ineffective assistance of counsel based on his trial counsel's failure to seek an appeal of his sentence. Additionally, Defendant pointed to the quarantines and shutdowns caused by COVID-19 as reasons for the delay in the filing of his application.

The trial court ordered the State to file any procedural objections or an answer to Defendant's application, which it did on February 11, 2022. The State argued that Defendant's application was untimely filed under La.Code Crim.P. art. 930.8. In support of its argument that Defendant's application should be denied as untimely, the State cited *State v. Celestine*, 04-1130 (La.App. 3 Cir. 2/2/05) 894 So.2d 1197, *writ denied*, 05-1401 (La. 2/17/06), 924 So.2d 1001, in which this court held that the defendant's application for post-conviction relief seeking an out-of-time appeal was untimely as it was not filed within the two-year time limitation set forth in La.Code Crim.P. art. 930.8 and failed to raise any valid exception to that time limitation. Thus, the defendant's appeal was not properly before this court.

On September 7, 2022, a hearing was held on Defendant's application. Defendant argued, pro se, that his application was untimely filed due to the severe impact COVID-19 had on his ability to access documents and conduct research. The

State reemphasized that its sole objection to Defendant's application was its untimeliness. The trial court granted Defendant's application stating, "the Court's going to find because of the COVID delays, pandemic delays, several hurricanes, probably a flood, a freeze, and a partridge in a pear tree; there's plenty of reasons to give a person the opportunity to have access to judgment - - to justice." The State objected to the trial court's ruling and suggested that Defendant be appointed counsel to handle his appeal. On February 13, 2023, the trial court signed a written order granting Defendant an appeal of his sentence.

On April 27, 2023, this court lodged the appeal record. On May 3, 2023, this court issued a rule to show cause why the appeal should not be dismissed pursuant to La.Code Crim.P. art. 930.8 and *State v. Davis*, 14-478 (La.App. 3 Cir. 9/10/14), 159 So.3d 482, *writ denied*, 14-2113 (La. 5/1/15), 169 So.3d 371.

On May 23, 2023, Defendant timely filed a response to the rule to show cause wherein he acknowledges that he did not allege a valid exception to the La.Code Crim.P. art. 930.8 time limitation in his application for post-conviction relief. However, Defendant argues that La.Code Crim.P. art. 930.8 does not take into consideration disruptions of the court system, specifically the pandemic and natural disasters, as exceptions to the statutory time limitation. Additionally, Defendant alleges that he was not advised of his appellate rights during the *Boykin* or sentencing proceedings.

We will first address Defendant's claim that at no point during *Boykinization* or sentencing did the trial court advise Defendant of his appellate rights. It is very clear from the sentencing transcript that Defendant was adequately advised of his appellate rights. The sentencing transcript indicates the trial court stated:

> All right. Mr. Loya, I need to advise you that you have two years from
> when the date of this sentencing conviction becomes final to file an

2

application for post-conviction relief. It is not my job to explain to you all the grounds that are available under the law for post-conviction relief, but my job is to make sure that you understand that there is a two-year time limit for filing the actual application for post-conviction relief.

As Defendant was properly advised of his appellate rights, this claim is without merit.

Defendant next argues that several interruptions of the time period, namely COVID-19 and Hurricane Laura, occurred between his sentencing on May 20, 2019, and the filing of his application for post-conviction relief on December 22, 2021. As Defendant was sentenced on May 20, 2019, his judgment of conviction and sentence became final on June 19, 2019. La.Code Crim.P. arts. 914, 922. Under La.Code Crim.P. art. 930.8, Defendant then had two years, until June 19, 2021, to seek post-conviction relief. However, this court recognizes the following pertinent events occurred as a result of COVID-19 and Hurricane Laura:

> • March 16, 2020 – Governor's Emergency Proclamation suspending all legal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings, until at least Monday, April 13, 2020. (Proclamation # JBE 2020-30).
>
> • April 2, 2020 – Governor's Emergency Proclamation suspending all legal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings, until at least April 30, 2020. (Proclamation # 41 JBE 2020).
>
> • April 30, 2020 – Governor's Emergency Proclamation suspending all legal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings, until May 15, 2020. (Proclamation # 52 JBE 2020).
>
> • May 14, 2020 – Governor's Emergency Proclamation suspending all legal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings, until June 5, 2020. (Proclamation # 59 JBE 2020).
>
> • June 4, 2020 – Governor's Emergency Proclamation suspending all legal deadlines, excluding liberative prescription and peremptive periods appliable to legal proceedings, until June 15, 2020. Liberative

prescriptive and peremptive periods suspended through July 5, 2020. (Proclamation # 75 JBE 2020).

• August 27, 2020 – Hurricane Laura made landfall.

• August 28, 2020 – Louisiana Supreme Court issued an emergency order suspending all prescriptive, peremptive, and abandonment periods statewide for a period of thirty days commencing from Governor's August 21, 2020 declaration of state of emergency. (Order #2020-25).

• September 9, 2020 – Louisiana Supreme Court issued an emergency order suspending all time periods, limitations, and delays pertaining to the initiation, continuation, prosecution, defense, appeal, and post-conviction relief of any prosecution within twenty-one parishes, including Calcasieu Parish. The suspended period commenced on August 21, 2020, and lasted thirty days. (Order #2020-28).

• September 22, 2020 – Louisiana Supreme Court issued an emergency order suspending all time periods, limitations, and delays pertaining to the initiation, continuation, prosecution, defense, appeal, and post-conviction relief of any prosecution within eight parishes, including Calcasieu Parish. The suspension commenced on September 21, 2020, and was for thirty days, until October 21, 2020. (Order #2020-32).

No further actions were taken by the Governor or the Louisiana Supreme Court after September 21, 2020, and the final emergency order suspending time limitations expired on October 21, 2020. However, Defendant did not file his application for post-conviction relief with the trial court until December 22, 2021, over a year after the expiration of all of the COVID-19 and Hurricane Laura related orders.

Even though an application for post-conviction relief may be untimely filed, the trial court may consider the merits thereof if Defendant both alleges and proves that it falls into one of the exceptions to the time limitations set forth by La.Code Crim.P. art. 930.8. Defendant admits that his application does not meet any of the listed exceptions to La.Code Crim.P. art. 930.8 and instead relies on his argument that the closures, limitations, and restrictions caused by COVID-19 and Hurricane Laura should be considered as extenuating circumstances that were beyond Defendant's control.

4

In support of his argument that COVID-19 and Hurricane Laura should be considered as exceptions to the La.Code Crim.P. art. 930.8 time limitation, Defendant cites this court's rulings in *State v. Stevens*, 22-746 (La.App. 3 Cir. 4/5/23), ___ So.3d ___ (2023 WL 2778495), and *State v. Simmons*, 22-208 (La.App. 3 Cir. 10/19/22), 350 So.3d 599, *writ denied*, 22-1622 (La. 2/7/23), 354 So.3d 675. In *Stevens* and *Simmons*, this court held that the two-year time period for bringing a non-capitol felony case to trial under La.Code Crim.P. art. 578(A)(2) was extended by seventy-nine days due to COVID-19 orders but was interrupted and commenced to run anew because of Hurricane Laura. However, as indicated by this court in these rulings and acknowledged by Defendant, La.Code Crim.P. art. 579 provides a remedy to the State when its failure to proceed to trial is beyond the State's control. However, La.Code Crim.P. art. 930.8 does not provide any such remedy. Therefore, this court's rulings in *Stevens* and *Simmons* are inapplicable to the instant case.

Though the trial court granted Defendant an out-of-time appeal based on circumstances caused by COVID-19 and Hurricane Laura, this court has held that a trial court has no authority to extend the limits imposed by La.Code Crim.P. art. 930.8 beyond the delays provided by the legislature. *State v. Daigle*, 593 So.2d 676 (La.App. 3 Cir. 1991), *writ denied*, 604 So.2d 980 (La. 1992). Pursuant to La.Code Crim.P. art. 930.8, we find that the trial court was without authority to grant Defendant an out-of-time appeal, and Defendant's appeal is not properly before this court. Accordingly, Defendant's appeal is dismissed.

**APPEAL DISMISSED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.