# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 04-1667


**JENNYE WRYNN BAKER VOYLES**

**VERSUS**

**JAMES THOMAS VOYLES**


**\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**APPEAL FROM THE**
**THIRTIETH JUDICIAL DISTRICT COURT**
**PARISH OF VERNON, DOCKET NO. 71,867-C**
**HONORABLE LESTER P. KEES, DISTRICT JUDGE**


**\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**SYLVIA R. COOKS**
**JUDGE**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, Marc T. Amy, and Glenn B. Gremillion, Judges.


**AFFIRMED.**


Scott Westerchil
101 S. 1ˢᵗ Street
Leesville, Louisiana 71446
(337) 239-9076
COUNSEL FOR APPELLANT:
    James Thomas Voyles

Elvin C. Fontenot, Jr.
110 E. Texas Street
Leesville, Louisiana 71446
(337) 239-2684
COUNSEL FOR APPELLEE:
    Jennye Wrynn Baker Voyles

**COOKS, Judge.**

## STATEMENT OF THE CASE

James Thomas Voyles appeals the decision of the trial court awarding Jennye Wrynn Baker Voyles the sum of $500.00 a month final periodic spousal support. Mr. Voyles contends the trial court erred when it failed to designate a duration for the payment of support. He relies on La.Civ.Code art. 112. For the reasons assigned below, we affirm the decision of the trial court.

## STATEMENT OF THE FACTS

James Thomas Voyles, age 55, and Jennye Wrynn Baker Voyles, age 56, were married on December 22, 2001 and lived together as husband and wife until they separated on November 12, 2003. Mr. Voyles was ordered to pay $800.00 per month interim spousal support. He paid this amount until six months after the final divorce. Thereafter, Ms. Voyles filed a rule for final periodic spousal support. A hearing was held on October 18, 2004. The essential facts are not disputed by the parties. At the time of their marriage, Ms. Voyles was working as a store clerk at a tractor and farm supply business where she earned $7.22 a hour and worked approximately 54 hours a week. Shortly after their marriage, Mrs. Voyles quit her job to assist her husband in forming a trucking company. It is undisputed she set up the business with the help of a CPA. She testified she contacted the State and got a tax ID number. She took care of the books for the business, wrote all the checks, ran parts to her husband and took care of the farm on which they lived. She testified: "I just, basically, done everything there was – all he done was get in the truck and drive." Mr. Voyles acknowledged he was on the road 300 days a year and Ms. Voyles kept the business running while he was on the road. It is also undisputed she suffers from asthma which requires her to utilize a breathing machine as well as take other oral

2

medications. Mr. Voyles also acknowledges she suffers from severe asthma and is on medication. Although, she was denied SSI disability benefits, as the trial court noted he "is well familiar with social security and disability and regulations and how often those things can be denied for whatever reason. Her affidavit shows total expenses of $1,770.00 a month with no income." Her primary expenses appear to be from her asthma medications. Mr. Voyles testified he makes a gross income of about $4,500.00 to $5,500.00 a month. The trial court concluded Ms. Voyles was entitled to $500.00 a month final periodic spousal support, stating:

> Both parties, though, come into court testifying they loved the other one, they loved each other, they didn't want to get a divorce and it even appeared at times that these parties don't want to be divorced even as we sit here today, I don't know, can't figure it out. The court doesn't find legal fault in this case as far as Mrs. Voyles goes. In order for the award of permanent alimony to be defeated it would have had to have been a finding by the court that Mrs. Voyles was at legal fault in causing the termination of the marriage. I'm not sure if there is any legal fault at all on either side, it just seemed like there was a situation that couldn't be worked out in some kind of form or fashion.

## LAW AND DISCUSSION

Louisiana Civil Code Article 111. **Spousal support; authority of court**, provides in relevant part:

> In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party free from fault prior to the filing of a proceeding to terminate the marriage, based on the needs of that party and the ability of the other party to pay, in accordance with the following Articles.

Louisiana Civil Code Article 112. **Determination of final periodic support**, provides, in relevant part:

> A. The court must consider all relevant factors in determining the entitlement, amount, and duration of final support. Those factors may include:
>
> (1) The needs of the parties.
> (2) The income and means of the parties, including the liquidity of such means.

(3) The financial obligations of the parties.

(4) The earning capacity of the parties.

(5) The effect of custody of children upon a party's earning capacity.

(6) The time necessary for the claimant to acquire appropriate education, training, or employment.

(7) The health and age of the parties.

(8) The duration of the marriage.

(9) The tax consequences to either or both parties.

B. The sum awarded under this Article shall not exceed one-third of the obligor's net income.

Comments under this statute provide, in relevant part:

(c) The sixth factor listed in this Article, coupled with the word "duration" in the first sentence of the Article, permits the court to award rehabilitative support and other forms of support that terminate after a set period of time. The absence from Article 111, supra, of the word "permanent," which was formerly found in the source provision before "periodic alimony" (see former C.C. Art. 112, as amended 1982 & 1986), emphasizes the authority of the court in this regard, thus legislatively overruling Teasdel v. Teasdel, 493 So.2d 1165 (La.1986), and Hegre v. Hegre, 483 So.2d 920 (La.1986). The appropriateness of a rehabilitative award depends upon the capacity of the recipient spouse to become self-supporting, in light of the relevant factors listed in this Article. See Rovira v. Rovira, 550 So.2d 1237, 1239 (La.App. 4th Cir. 1989), writs denied 552 So.2d 398 (La.1989). The duration of such an award should be determined primarily by the amount of training or other preparation that the recipient requires in order to secure employment that will meet his needs, as similarly defined.

Louisiana Civil Code Article 114. **Modification or termination of award of periodic support**, provides, in relevant part:

An award of periodic support may be modified if the circumstances of either party materially change and shall be terminated if it has become unnecessary. The subsequent remarriage of the obligor spouse shall not constitute a change of circumstances.

Louisiana Civil Code Article 115. **Extinguishment of spousal support obligation**, provides, in relevant part:

The obligation of spousal support is extinguished upon the remarriage of the obligee, the death of either party, or a judicial determination that the obligee has cohabited with another person of either sex in the manner of married persons.

Under these provisions, a court may grant spousal support to a party who is

4

found to be free of fault based on the needs of that party and the ability of the other party to pay. La.Civ.Code art. 111; *Patton v. Patton*, 37,401(La.App. 2 Cir. 9/24/03), 856 So.2d 56. All relevant factors listed in La.Civ.Code art. 112 are to be considered by the trial court in determining the entitlement, amount and duration of the award**.** *Id.* In this case, the trial court awarded the sum of $500.00 final periodic support to Ms. Voyles. The record indicates Mr. Voyles earns a gross income between $4,500.00 and $5,500.00 while Ms. Voyles is not employed and has no outside source of income. She is 56 years old and suffers from chronic asthma. Considering all relevant factors, including Ms. Voyles's age and health, Mr. Voyles' ability to pay, and the duration of their marriage, we find the record supports a $500.00 a month award in terms of entitlement and amount.

Mr. Voyles contends the trial court erred in failing to establish a termination date for the payment of spousal support. The newly revised articles "permits the court to award rehabilitative support and other forms of support that terminate after a set period of time." Revision Comments to Article 112(c). "The duration of such an award should be determined primarily by the amount of training or other preparation that the recipient requires in order to secure employment that will meet his needs, as similarly defined." *Id.* Although the court *may* establish a termination date, under this statute, we find no provision which *mandates* the court to establish a termination date for an award of spousal support. Under La.Code Civ.P. art. 115, the support obligation terminates by operation of law upon remarriage of the obligee, death of either party or a judicial determination that the obligee is cohabiting with another individual in the matter of married persons. Additionally, La.Civ.Code. art. 114 allows either party to seek a modification of the award by establishing a material change in circumstances.

In this case, we find no error in the decision of the trial court awarding the sum

of $500.00 to Ms. Voyles without setting a termination date. This finding does not preclude Mr. Voyles in the future from seeking a modification in the award upon proof of a material change in circumstances.

### DECREE

Based on the foregoing review of the evidence, we affirm the decision of the trial court. All costs of this appeal are assessed to James Thomas Voyles.

**AFFIRMED.**