| MATTHEW G. TURLAND | * | NO. 2020-CA-0020 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| WHITNEY L. TURLAND | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-11851, DIVISION "H-12"
Honorable Monique E. Barial, Judge
* * * * * *
**Judge Terri F. Love**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Terri F. Love, Judge Dale N. Atkins)

J. William Starr
ATTORNEY AT LAW
14108 River Road
Destrehan, LA 70047

    COUNSEL FOR PLAINTIFF/APPELLANT

Cynthia D. Samuel
ATTORNEY AT LAW
7024 Vicksburg St
New Orleans, LA 70124

    COUNSEL FOR DEFENDANT/APPELLEE

**JUDGMENT AFFIRMED**

**APRIL 15, 2020**

Appellant, Matthew Turland, appeals the trial court's award of final spousal support to his former wife, Whitney L. Turland. Finding the trial court did not abuse its discretion in finding Ms. Turland proved a need for spousal support and Mr. Turland's ability to pay, we affirm the judgment.

**FACTUAL AND PROCEDURAL HISTORY**

Mr. Turland and Ms. Turland married on April 26, 2003. Three children were born of their marriage.[1] The Turlands separated in July 2016, and were divorced on November 17, 2017. Subsequent to the divorce, the children resided with Mr. Turland, his current wife Brandi Turland, and her son. On May 17, 2019, Ms. Turland filed a motion for final spousal support.[2] The trial court heard argument on Ms. Turland's spousal support motion on August 29, 2019.

---

[1] The children include KJ (born on November 11, 2004), BG (born on May 11, 2005), and EV (born on December 23, 2006).

[2] Ms. Turland filed a "Motion for Joint Custody, Domiciliary Status Child Support, and Final Support, Setting of Deadlines for the Partition of the Community, Request for an Accounting and Injunctive Relief With Incorporated Memorandum." At the time of the hearing, the parties agreed to try the motion for final spousal support separately from Ms. Turland's other motions seeking relief.

### *Spousal Support Hearing*

Ms. Turland called three witnesses at trial: (i) Mr. Turland, (ii) Brandi Turland, and (iii) Ms. Turland.[3]  Testimony at the hearing included the following.

Mr. Turland testified that the income and expenditures listed in his family law affidavit were true and correct.[4]  Ms. Turland's counsel questioned the legitimacy of certain expenditures claimed, such as student loan debts and dental bills.  Mr. Turland acknowledged that a $12,000.00 IRS obligation he listed as arising during his marriage to Ms. Turland was not included on his Sworn Detailed Descriptive List (SDDL).  He explained he had not disclosed a $1,200.00 per month lease agreement on a piece of community property as a source of income because the agreement had not been finalized.  Mr. Turland admitted that some expenses listed on his family law affidavit were inaccurate "to a small extent." Mr. Turland testified that Brandi Turland contributed approximately $450.00 per month towards their family expenses.

Brandi Turland testified that she received monthly income and benefits of $1,280.00.  From that amount, she contributed $900.00 per month towards household expenses, twice the amount attributed to her by Mr. Turland.

---

[3] Ms. Turland also introduced into evidence both parties' duly executed  family support affidavits, Mr. Turland's SDDL, and correspondence between Mr. Turland and Brandi Turland during his marriage to Ms. Turland.  Mr. Turland did not call any witnesses.

[4] Mr. Turland's family law affidavit listed his occupation as a senior engineer and his gross annual salary as $140,000.00.

Ms. Turland testified that she had two years of college and majored in visual arts.[5] She said her current educational background limited her to low-level design and restaurant jobs. In 2018, she earned $22,000.00. In 2019, Ms. Turland worked as a server at El Gato Negro restaurant for approximately a month. She testified that she left that job for a position in her degree field.[6] Ms. Turland maintained the server job required her to work evenings and weekends. Although to date the current job paid less than the server job, her current job provided her with stable work hours, which facilitates visitation with her children.

With regards to her expenses, Ms. Turland's testified that she borrowed $6,500.00 to pay for legal representation and another $6,500.00 to pay for an outstanding attachment related to her payment of a community debt. Her present housing expenses amounted to $800.00 per month, plus utilities for a three-bedroom residence she rented to accommodate visits with her three children. At the expiration of a year, the monthly rent was scheduled to increase to $1,200.00. Ms. Turland stated she wants to return to college to obtain her visual arts degree. She anticipated it would take two years because of her work obligations. However, ULL will not send her transcript until she pays an outstanding $1,000.00 child care expense incurred at ULL during her marriage to Mr. Turland. Ms. Turland disputed Mr. Turland's claim that their community had a $12,000.00 IRS debt.

---

[5] Ms. Turland and Mr. Turland attended University of Louisiana at Lafayette ("ULL") during their marriage. Mr. Turland graduated; Ms. Turland did not.

[6] Ms. Turland's family law affidavit listed her current income as $1,245.00 per month.

Ms. Turland requested spousal support of $2,000.00 per month, the difference between her income and expenses.

After the conclusion of testimony, Mr. Turland filed a motion to re-open the hearing to submit evidence that the pending community property lease agreement had been terminated. On September 25, 2019, the trial court denied the motion, noting that the parties had entered a consent agreement to allow the trial court to consider the evidence.

The trial court signed a judgment on October 21, 2019, in favor of Ms. Turland. The judgment awarded final spousal support of $2,000.00 per month for thirty-six months (three years), retroactive to the date of judicial demand, and $100.00 per month in arrearages until satisfied.

Mr. Turland devolutively appealed the judgment.

**LAW/DISCUSSION**

La. C.C. art. 112 permits a spouse who has not been at fault in the dissolution of the marriage to obtain spousal support based on the needs of that party and the ability of the other party to pay.[7] *See also Matthews v. Matthews*,

---

[7] La. C.C. art. 112, Determination of final support, provides in relevant part:

    A. When a spouse has not been at fault prior to the filing of a petition for divorce and is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support in accordance with Paragraph B of this Article.

    B. The court shall consider all relevant factors in determining the amount and duration of final support, including:

    (1) The income and means of the parties, including the liquidity of such means.

    (2) The financial obligations of the parties, including any interim allowance or final support obligation.

4

2015-499, p. 13 (La. App. 5 Cir. 12/23/15), 184 So.3d 173, 181. The trial court is vested with much discretion in awarding spousal support and such awards will not be disturbed in the absence of an abuse of discretion. *Thomas v. Thomas*, 2017-0760, p. 10 (La. App. 4 Cir. 2/21/18), 238 So.3d 515, 522. The spouse who seeks support has the burden of proof. *See Fontana v. Fontana*, 2013-0916, p. 11 (La. App. 4 Cir. 2/12/14), 136 So. 3d 173, 181.

In the case *sub judice*, Mr. Turland argues the trial court erred in the following respects: (1) the award of spousal support; (2) the amount and three-year duration of the support award; (3) in finding that Ms. Turland put Mr. Turland through school when both worked and attended college; and (4) considering the unexecuted community property lease agreement in determining support. Mr. Turland does not affirmatively contest that Ms. Turland was free from fault, hence, our review turns on whether the trial court correctly determined Ms. Turland established a need for support and Mr. Turland's ability to pay.

Mr. Turland contends Ms. Turland failed to establish need and/or the amount of the award was excessive. Mr. Turland asserts Ms. Turland was voluntarily underemployed as she left employment at El Gato Negro for a lower

---

(3) The earning capacity of the parties.

(4) The effect of custody of children upon a party's earning capacity.

(5) The time necessary for the claimant to acquire appropriate education, training, or employment.

(6) The health and age of the parties.

(7) The duration of the marriage.
(8) The tax consequences to either or both parties.

(9) The existence, effective, and duration of any act of domestic abuse committed by the other spouse upon the claimant or a child of one of the spouses regardless of whether the other spouse was prosecuted for the act of domestic violence.

paying job in her degree field, the trial court improperly considered income from a community property lease agreement that never went into effect, and wrongfully determined that only Ms. Turland worked to put him through school. As to his voluntary underemployment claim, Mr. Turland calculates that, based on Ms. Turland's one-month of wages, she could have earned over $36,000.00 per year had she remained at El Gato Negro.[8]

The issue of a party's voluntary unemployment or underemployment is a question of good faith and is a fact-based determination subject to the manifest error standard of review. *Martin v. Martin*, 2016-0324, pp. 5-6 (La. App. 4 Cir. 11/16/16), 204 So.3d 717, 721. The manifest error standard of review rests in part on the trial court's ability to better evaluate the testimony of witnesses compared with the appellate court's reliance on the written record. *Id*. Here, Ms. Turland testified that she left the El Gato Negro server position in order to obtain employment in her degree field and to have stable work hours to schedule visits with her children. Established jurisprudence recognizes that La. C.C. art. 112 permits a court to award rehabilitative support. *See Volyes v. Voyles*, 2004-1667, p. 5 (La. App. 3 Cir. 5/4/05), 901 So.2d 1204, 1206-07. Moreover, a spouse is not required to take any employment after a divorce; a trial court may consider employment consistent with a spouse's age, training, and ability in awarding support. *See Anderson v. Anderson*, 48,027, p. 9 (La. App. 2 Cir. 5/15/13), 117 So.3d 208, 214.

---

[8] Mr. Turland makes this computation based on Ms. Turland's family law affidavit which showed she earned $879.06 in gross pay at El Gato Negro for a fifty hour work week during the period of July 15, 2019 through July 28, 2019 and $564.59 for a thirty-two hour work week during the period of July 29, 2019 through August 11, 2019.

In rendering its judgment, the trial court espoused, in relevant part, the following:

> Pursuant to La. Civ. Code art. 112, the Court took into consideration the income, means, financial obligations, and the earning capacities of both Parties, among other factors, and found Whitney Turland to be in need of support and Matthew Turland able to pay support. The uncorroborated testimony of Mr. Turland was at times contradicted by his current wife, Brandi, with whom he shares expenses.
>
> In accordance with article112(B), the duration of the final support is awarded with consideration of the relevant factors, in particular, the estimated time needed for Whitney Turland to complete her undergraduate degree-which would significantly improve her income, create employment stability, and allow her to become self-supporting.

The trial court's judgment reflects the court considered and applied the relevant factors required by La. C.C. art. 112 in arriving at its spousal support award. In contrast, Mr. Turland's arguments that the trial court improperly considered income from the failed community property lease agreement and improperly found that only Ms. Turland worked to put him through school are not supported by the record. The record reveals that evidence of the failed lease agreement was submitted into evidence and shows Mr. Turland did not offer any independent evidence at the support hearing regarding his work history while attending ULL. Notwithstanding, in the event the trial court had erred in considering the lease agreement as income and in finding that only Ms. Turland worked to put Mr. Turland through school, these alleged errors do not rebut that Ms. Turland proved she needed spousal support and Mr. Turland's ability to pay. Hence, in considering the totality of the relevant factors examined by the trial court, we find Mr. Turland's assertions that Ms. Turland failed to prove need as a result of

alleged voluntary underemployment and the excessiveness of the $2,000.00 per month award lack merit.

For similar reasons, we also find no merit to Mr. Turland's argument that the trial court erred in awarding spousal support for three years. The duration of spousal support involves the length of time the claimant requires to obtain employment commensurate with her needs. *See Voyles*, 2004-1667, p. 5, 901 So.2d at 1207. Ms. Turland testified that she will require at least two years to get her degree and her delay in enrolling in college is due to an outstanding child-care debt. The trial court expressly considered the length of time as permitted by La. C.C. art. 112(B)(5) that it might take Ms. Turland to get her degree and thereafter, obtain suitable employment in fixing the duration of the spousal support award. Based on the record, we cannot say the trial court erred in awarding spousal support for three years.

**CONCLUSION**

Considering the foregoing reasons, we affirm the judgment.

**JUDGMENT AFFIRMED**